TOLONA PIZZA PRODUCTS CORPORATION, Plaintiff-Appellant, v. DAVY McKEE CORPORATION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—88—0327

Opinion filed August 10, 1989.

Chadwell & Kayser, of Chicago (Champ W. Davis, Jr., Julia D. Mannix, and Erica A. Munzel, of counsel), for appellant.

Phelan, Pope & John, of Chicago (David L. Doyle and Thomas P. Cimino, Jr., of counsel), for appellees Davy McKee Corporation and James Edgar.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Tolona Pizza Products Corporation, an Illinois corporation, appeals from an order of the circuit court of Cook County dismissing two counts of its complaint against defendants, Davy McKee Corporation, a Delaware corporation, and James Edgar, its employee, for failure to state a claim for which relief could be granted. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) The sole issue presented for review is whether the trial court erred, as a matter of law, in ruling that a professional malpractice action cannot be sustained under Illinois law

if plaintiff seeks damages for economic loss due to defeated commercial expectations.

We affirm.

For purposes of review, we will accept plaintiff's allegations as true. (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 148.) Plaintiff is engaged in the business of manufacturing and selling pizza crusts and related products and supplies. Defendant Davy McKee Corporation (hereinafter McKee) is an international concern engaged in furnishing engineering and architectural services to industry. Defendant Edgar, a registered professional engineer, was an employee of McKee.

Plaintiff retained McKee to conduct a preliminary study into the feasibility of automating its pizza crust line. Plaintiff speculated that automation of its manufacturing system would reduce costs and increase output, thereby improving its position in the marketplace. Edgar was assigned by McKee to conduct the study. Based upon Edgar's recommendations, McKee was hired to design, procure, and supervise the installation of an automated pizza crust line that would achieve plaintiff's objectives.

The line was installed in August 1985. Plaintiff alleged that the system failed to function at the outset due to numerous deficiencies in design by defendants. Plaintiff alleges that damages were sustained in the amount of $1.7 million as a result of defendants' negligence.

On April 6, 1987, plaintiff filed a complaint against defendants. AMF Union Machinery, Inc., and Dunbar Systems, Inc., were also named as defendants, but they are not parties in this appeal. Counts I through IV were directed against defendants. Counts I and IV sought damages for professional malpractice against McKee and Edgar, respectively. Count II was directed against McKee for breach of contract. Count III was directed against McKee for negligent misrepresentation.

Defendants moved pursuant to the Illinois Code of Civil Procedure, section 2—615, to dismiss plaintiff's complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Plaintiff's counts against McKee for breach of contract and for negligent misrepresentation are currently pending. The court found that economic loss occasioned by negligent misrepresentation states a possible cause of action in tort as an exception to the bar against recovery for economic losses as set forth in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89, and reaffirmed in *Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 153-54.

The trial court granted defendants' motion to dismiss counts I and

IV relying on *Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, which held that there can be no recovery in tort for economic loss due to defeated commercial expectations regardless of plaintiff's inability to recover under an action in contract. No just reason was found to delay appeal from the rulings on these counts. (107 Ill. 2d R. 304.) This appeal followed.

Plaintiff contends the trial court erred in finding that, pursuant to *Anderson*, a cause of action could not be maintained in tort for economic loss due to defeated commercial expectations. Plaintiff argues that the case at bar is distinguishable on three grounds: (1) *Anderson* did not involve an action for malpractice; (2) defendants supplied professional services while defendant in *Anderson* was the manufacturer of the product in question; and (3) plaintiff's economic loss was occasioned by defendants' professional malpractice which, pursuant to *Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, is still a viable cause of action in Illinois when services are rendered pursuant to a contract. We disagree.

■■ ■ The Illinois Supreme Court in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, held that there can be no recovery for economic loss in either negligence or strict liability to recover solely economic losses unless the tort involves either negligent or intentional misrepresentation. The *Moorman* court adopted the definition of economic loss as set forth in the Columbia Law Review note entitled *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966). Economic loss was defined as " 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property ***' [citation]." *Moorman*, 91 Ill. 2d at 82.

■ In *Anderson* the Illinois Supreme Court reaffirmed the *Moorman* bar against recovery for economic loss and expanded the definition so as to include damages resulting from defeated commercial bargains. (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 153.) The plaintiff in *Anderson* had entered into a contract with defendant Ledbetter to perform electrical work on two precipitator units manufactured by defendant Walther. Ledbetter and Walther then entered into a contract which set forth Walther's functions and responsibilities as construction superintendent. There was no allegation of a contractual relationship between plaintiff and defendant. Plaintiff sued Walther in negligence, alleging that Walther had failed to perform a service which resulted in the plaintiff having to have the work redone, thereby incurring additional expense or eco-

nomic loss. Plaintiff sued Ledbetter for breach of contract. The court held that "[a] plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the plaintiff's inability to recover under an action in contract." *Anderson*, 115 Ill. 2d at 153.

■ Plaintiff first asserts that *Anderson* may be distinguished from the instant case, since *Anderson* was not a professional malpractice action and plaintiff and defendant in *Anderson* were not in privity of contract, as the parties here. We find this to be a distinction without a difference. The relevant inquiry is the type of loss sustained, not the nature of the relationship between the parties which resulted in the alleged damage. (*People ex rel. Skinner v. Graham* (1988), 170 Ill. App. 3d 417, 435.) The focus of the inquiry in *Anderson* was the type of damages sustained, not the relationship between the parties. In fact, a review of the appellate court decision in *Anderson* reveals that the complaint was vague as to the nature of Walther's company and its exact responsibilities. *Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1985), 133 Ill. App. 3d 844, 850, *aff'd* (1986), 115 Ill. 2d 146.

Plaintiff in the instant case is alleging economic loss due to defendants' failure in the design, procurement, and supervision of the installation of the automated pizza crust line which would achieve plaintiff's objectives. Plaintiff's economic loss was due to defeated commercial expectations. We find that plaintiff's allegations clearly come within the purview of *Anderson*.

■ Plaintiff next attempts to distinguish *Anderson* on grounds that defendants in the instant case provided services, whereas one of the defendants in *Anderson* was the manufacturer of the product in question. We do not find this distinction determinative of when economic loss can be recovered in tort. Further, we are not persuaded that *Anderson* did not in fact deal with the issue of applying *Moorman* to service contracts. We found the appellate court's decision in *Anderson* instructive in determining the extent to which the court applied the *Moorman* bar against recovery for economic loss.

The appellate court stated that "[t]he Moorman court was dealing with products rather than with services, but we perceive no reason why the same rationale should not apply [to the case at bar]. Plaintiff makes no claim for personal injury or property damage; it seeks only recovery of the additional cost of redoing portions of the project; there is no allegation of a sudden calamitous event, only dissatisfaction with the quality of assistance received from Walther." *Anderson*, 133 Ill. App. 3d at 847.

Defendants correctly point out that Illinois cases subsequent to *Anderson* have barred recovery in tort for economic loss when services provided by an architect were product related. This court recently interpreted *Anderson* so as to apply to service contracts in *Werblood v. Columbia College* (1989), 180 Ill. App. 3d 967. In *Werblood*, we denied recovery for economic loss due to negligent administration of defendant's by-laws in the termination of plaintiff's teaching services, pursuant to *Anderson* and *Moorman*. (See also *Fence Rail Development Corp. v. Nelson & Associates, Ltd.* (1988), 174 Ill. App. 3d 94 (which held that *Moorman* plaintiff could not recover damages for economic loss due to architect's plans which did not meet plaintiff's contractual requirements); *People ex rel. Skinner v. Graham* (1988), 170 Ill. App. 3d 417 (which held that economic loss due to professional negligence of architects and engineers in designing a building was not recoverable pursuant to *Moorman* and *Anderson*); but see *People ex rel. Skinner v. FGM, Inc.* (1988), 166 Ill. App. 3d 802 (which allowed recovery for economic loss occasioned by an architect's professional negligence relying on *Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, 295, decided prior to *Anderson*).) We find that *Anderson* should not be interpreted so as to not apply to cases relating to services provided by defendant architects or engineers.

Finally we will address plaintiff's contention that pursuant to *Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, economic loss is recoverable in professional malpractice actions. *Rosos*, however, was decided prior to *Anderson*. In *Rosos*, the plaintiff brought an action against various contractors and defendant architect for negligent supervision over the construction of a storage building addition to plaintiff's existing structure. The court, in finding a valid cause of action for professional malpractice for the negligent performance of services, interpreted *Moorman* as having not abolished by inference all professional malpractice actions charging economic losses, arising from service contracts, against architects and engineers. (*Rosos*, 123 Ill. App. 3d at 297.) We do not agree.

In light of *Anderson* and *Werblood v. Columbia College* (1989), 180 Ill. App. 3d 955, recently decided by this court, we no longer find the distinction between services and products, relied upon in *Rosos*, determinative as to when economic loss may be recovered in tort. Nor do we find that the relationship between the parties should dictate when economic loss may be recovered in tort. In *People ex rel. Skinner v. Graham* (1988), 170 Ill. App. 3d 417, the court interpreted *Moorman* as not carving out an exception for professionals. (*Skinner*, 170 Ill.

App. 3d at 436.) The issue that should be addressed is the type of damages sustained and not the nature of the relationship between the parties. *Skinner*, 170 Ill. App. 3d at 435.

Accordingly, we do not find that the trial court erred in finding that pursuant to *Anderson*, plaintiff failed to state a cause of action based on defeated commercial expectations.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.