DOROTHY J. COLLINS, Plaintiff-Appellee, v. CHARLES REYNARD *et al.*, Defendants-Appellants.

Fourth District   No. 4—89—0667

Opinion filed March 28, 1990.—Rehearing denied May 7, 1990.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Roy O. Gulley, and John A. Ess, of counsel), for appellants.

Duane D. Young, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

This appeal is brought by defendants from an interlocutory order denying their motion to dismiss. Plaintiff, Dorothy Collins, sued defendants, Charles Reynard and his law firm, Reynard and Robb, for legal malpractice. Counts I and II are premised upon a negligence theory; counts III and IV are premised upon a breach of contract theory. In her complaint, Collins claimed as damages money due her under an installment contract negotiated by Reynard. Reynard contends that Collins failed to state a cause of action in tort because she alleged only economic damages which are not recoverable in tort. The trial court denied the motion to dismiss, but found that the issue presented a question of law with substantial grounds for difference of opinion. The court also found that an immediate appeal would materially advance the litigation. Reynard filed an application for an interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), which this court subsequently granted.

We reverse.

Collins employed Reynard and his firm to negotiate the sale of her business. In her complaint, Collins claims that Reynard negligently drafted or approved the sales contract because (1) the contract did not reflect her intent to retain a first and prior security interest in and to the business and assets sold; (2) Reynard advised her to sign a sales agreement which did not reserve a security interest in the business and the assets; and (3) Reynard failed to advise her to obtain a signed financing statement from the buyer of the business.

The buyer of the business defaulted on the installment contract and pledged the assets of the business to another creditor, a bank, who then held a security interest superior to that of Collins. The bank perfected its interest, took possession of the business, and sold it to another buyer. Collins claims as damages the payments due under the installment contract, which include the principal, interest, costs of collection, and attorney fees, totalling $47,971.35. Collins makes no claim for any personal injury or property damage, seeking to recover only the loss of benefit of her bargain for the sale of her business.

■■ ■ In 1986, the Illinois Supreme Court defined economic loss as:

" '[D]amages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property.' " (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 149, 503 N.E.2d 246, 247, quoting *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 82, 435 N.E.2d 443, 752.)

The injuries resulting from legal malpractice are not personal injuries, but are pecuniary injuries to intangible property interests. (*Gruse v. Belline* (1985), 138 Ill. App. 3d 689, 697, 486 N.E.2d 398, 404; *Yates v. Muir* (1985), 130 Ill. App. 3d 604, 609, 474 N.E.2d 934, 937.) To recover damages in a negligence action, there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects. *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 177, 441 N.E.2d 324, 327.

■ Economic damages have been characterized as objectively verifiable monetary losses, including medical expenses, loss of earnings, burial costs, loss of the use of property, costs of repair or replacement, costs of obtaining substitute domestic services, loss of employment, and loss of business or employment opportunities. Noneconomic damages have been characterized as losses for pain, suffering, inconvenience, physical impairment, disfigurement, emotional distress, loss of consortium, and injury to reputation. *Evangelatos v. Superior Court* (1988), 44 Cal. 3d 1188, 753 P.2d 585, 246 Cal. Rptr. 629; *MacCuish v. Volkswagenwerk A.G.* (1986), 22 Mass. App. Ct. 380, 494 N.E.2d 390; H. Oleck, Damages to Persons and Personal Property §46, at 31 (3d ed. 1961).

■ In this case, Collins seeks to recover, "all amounts due under her contract from and since February 1, 1985, including contract principal, interest, costs of collection and attorney's fees." We conclude the Collins' complaint prays for purely economic damages. Having so concluded, we now must address whether such a complaint can set forth a cause of action for legal malpractice in tort based on claims of negligence.

The Indiana Court of Appeals recently discussed the issue of whether economic damages are appropriately awarded under a negligence theory. (See *Jordan v. Talaga* (Ind. App. 1989), 532 N.E.2d 1174.) In *Jordan*, the court reasoned:

"[T]he heart of this issue is the basic distinction between the theories of tort and contract law. The theory of negligence protects interests related to safety or freedom from physical harm,

including not only personal injuries, but also damage caused by defective personal property. For example, the damages to an automobile wrecked by reason of its own bad brakes, as well as other property in the vicinity, is compensable through an action in negligence.

> 'But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the [courts] have adhered to the rule *** that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery.' " *Jordan*, 532 N.E.2d at 1181, quoting W. Prosser, Torts §101, at 665 (4th ed. 1971).

In addition, the Illinois Supreme Court has considered whether one may recover economic damages in tort from various nonlawyer professionals. That court held that a plaintiff may not recover purely economic losses against a contractor or manufacturer for the tort of defeated expectations of a commercial bargain (*Anderson*, 115 Ill. 2d at 153, 503 N.E.2d at 249), against a builder for negligence (*Morrow v. L.A. Goldschmidt Associates, Inc.* (1986), 112 Ill. 2d 87, 97-98, 492 N.E.2d 181, 185; *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 157, 449 N.E.2d 125, 128; *Redarowicz*, 92 Ill. 2d at 177, 441 N.E.2d at 327), or against a seller-manufacturer for negligence (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 388, 493 N.E.2d 1022, 1026; *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88, 435 N.E.2d 443, 452).

■ This rule, that one cannot recover economic damages in tort cases based on negligence, is known as the *Moorman* doctrine because of its origin in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443. In *Moorman*, the court held that a products liability plaintiff could not recover solely economic losses under the tort theories of strict liability, negligence, and innocent misrepresentation. However, the *Moorman* decision did delineate two exceptions to this rule. Economic losses were to be recoverable (1) when one intentionally makes false representations, or (2) when one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations. *Moorman*, 91 Ill. 2d at 88-89, 435 N.E.2d at 452.

Reynard's conduct does not fall under either exception to the *Moorman* doctrine. Collins did not allege that Reynard made either an intentional or a negligent misrepresentation. Furthermore, both the

Restatement (Second) of Torts and the decisions pertaining to this issue suggest that the second *Moorman* exception does not apply to lawyers, but applies instead to suppliers of information, such as surveyors, newspapers, accountants, and credit bureaus. See *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 66-67, 250 N.E.2d 656, 662-63, citing the proposed revision of the Restatement (Second) of Torts §552 (Tent. Draft No. 12, 1966); see also Restatement (Second) of Torts §552 comment *c*, illustration 2, at 129 (liability for negligence of supplier of information applies only when defendant has pecuniary interest in transaction in which information is given, not when it is given gratuitously); comment *h* (persons for whose guidance information is sought), illustrations 5, 11, 12, at 134, 135-36, 136 (1977).

The *Moorman* doctrine was later applied to a case based on the tort of defeated expectations of a commercial bargain. (*Anderson*, 115 Ill. 2d 146, 503 N.E.2d 246.) In *Anderson*, the court disallowed the plaintiff's tort action alleging purely economic damages and further explained that the plaintiff's inability to recover under an action in contract was of no consequence. *Anderson*, 115 Ill. 2d at 153, 503 N.E.2d at 249.

This court has also discussed the aforementioned principles. In *People ex rel. Skinner v. Graham*, (1988), 170 Ill. App. 3d 417, 524 N.E.2d 642, a case dealing with architect and engineer malpractice, this court noted that *Moorman* was based upon negligence in connection with products and not services. The court concluded nonetheless that this distinction did not render *Moorman* inapplicable to the claimed professional malpractice in the case before it. Instead, this court held that the relevant inquiry concerns the type of loss sustained and not the nature of the relationship giving rise to the loss. *Graham*, 170 Ill. App. 3d at 435, 524 N.E.2d at 652.

Both the first and second districts are in accord with our holding in *Graham*. (See first district decisions in *Tolona Pizza Products Corp. v. Davy McKee Corp.* (1989), 187 Ill. App. 3d 365, 370-71, 543 N.E.2d 225, 228 (engineer and architect malpractice), and *Werblood v. Columbia College* (1989), 180 Ill. App. 3d 967, 974, 536 N.E.2d 750, 754 (torts of intentional interference with prospect of economic advantage and negligent administration against a college, its trustees, its president, and its dean); and second district's decision in *Fence Rail Development Corp. v. Nelson & Associates, Ltd.* (1988), 174 Ill. App. 3d 94, 100, 528 N.E.2d 344, 348 (architect malpractice).) In *Tolona Pizza Products*, the first district overruled *Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, 462 N.E.2d 566, based on the intervening *Anderson* decision. Specifically, the court rejected, "the

distinction between services and products, relied upon in *Rosos*, determinative as to when economic loss may be recovered in tort." *Tolona Pizza Products*, 187 Ill. App. 3d at 370, 543 N.E.2d at 228.

The Seventh Circuit Court of Appeals recently reviewed the *Moorman* doctrine in the context of a tort action for profits lost as a result of a failure to complete a commercial undertaking. In *Rardin v. T & D Machine Handling, Inc.* (7th Cir. 1989), 890 F.2d 24, the plaintiff, Rardin, purchased a printing press from defendant, Whitacre-Sunbelt, Inc. Whitacre had hired T&D to dismantle and load the press in preparation for delivery to Rardin. T&D performed its tasks carelessly and damaged the press as a result. Rardin incurred both the costs to repair the press as well as lost profits from his printing business for the period of time in which the press was being repaired. Rardin's claim against Whitacre was settled. His claim against T&D was dismissed in Federal district court for failure to state a claim. *Rardin*, 890 F.2d at 25.

In *Rardin*, the only damages that plaintiff sought from T&D were those for lost profits. Rardin was unable to recover these damages from Whitacre under a warranty theory because lost profits were considered to be consequential damages not recoverable in a breach of contract action. Furthermore, Rardin had no contract with T&D and, thus, no breach of contract claim. *Rardin*, 890 F.2d at 25.

The Seventh Circuit affirmed the dismissal, holding that Illinois law does not provide Rardin with a tort remedy. The court cited the *Moorman* doctrine, as well as a number of policy reasons in support of its holding. The policy reasons included the fact that T&D was not

> "privy to the circumstances of the owners of those presses. It did not deal directly with the owner, that is, with Rardin. It knew nothing about his business and could not without an inquiry that Rardin would have considered intrusive (indeed bizarre) have determined the financial consequences to Rardin if the press arrived in damaged condition." *Rardin*, 890 F.2d at 26.

■ Based on our understanding of the *Moorman* doctrine and its progeny, we conclude that Illinois law precludes the recovery of economic losses in tort cases, including legal malpractice, which are based on claims of negligence.

Reversed.

LUND and GREEN, JJ., concur.