S.C. VAUGHAN OIL COMPANY, Plaintiff-Appellant, v. CALDWELL, TROUTT, AND ALEXANDER, Defendant-Appellee (Charles A. Vaughan, Plaintiff; Paul Caldwell, Defendant).

Fifth District    No. 5—99—0713

Opinion filed April 24, 2001.

WELCH, J., dissenting.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

Joshua G. Vincent, of Hinshaw & Culbertson, of Chicago, and Michael A. Lawder, of Hinshaw & Culbertson, of Belleville, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

S.C. Vaughan Oil Company (plaintiff) appeals from the trial court's order denying its petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) to vacate the judgment. We affirm.

The procedural history of this case is lengthy. It was satisfactorily outlined in the previous supreme court decision of *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 693 N.E.2d 338 (1998). That decision remanded the case to the Fifth District. We concluded in *S.C. Vaughan Oil Co. v. Caldwell, Troutt, & Alexander*, 299 Ill. App. 3d 892, 702 N.E.2d 602 (1998), that an evidentiary hearing was required on the section 2—1401 petition, and we remanded the case to the trial court. The trial court then conducted the evidentiary hearing and denied the motion to reinstate because it found that plaintiffs failed to establish due diligence both in presenting the underlying claim to the court and in filing the section 2—1401 petition. It is from that ruling that plaintiff now appeals.

Section 2—1401 provides a statutory procedure for vacating a final judgment after 30 days from its entry. 735 ILCS 5/2—1401 (West 1998). The purpose of a section 2—1401 petition is to bring before the court facts which were not known at the time of the judgment and

which, if known, would have prevented the judgment. See *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 457, 736 N.E.2d 179, 190 (2000). To be entitled to relief, the petitioner must show by a preponderance of the evidence (1) the existence of a meritorious defense or claim, (2) due diligence in the original action, and (3) due diligence in filing the section 2—1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386 (1986).

■ Whether the petition should be granted is within the sound discretion of the trial court. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386. A reviewing court will not disturb the lower court's decision regarding the petition absent an abuse of discretion. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

Plaintiffs argued that the mistake made by the clerk of the circuit court, the confusion surrounding the stay resulting from the bankruptcy filed by Paul Caldwell, and the uncertainty regarding damages because of the decision of *Collins v. Reynard*, 195 Ill. App. 3d 1067, 553 N.E.2d 69 (1990), *rev'd*, 154 Ill. 2d 48, 607 N.E.2d 1185 (1992), were enough to require the court to relax the due diligence requirements.

■ Although it is true that some decisions have relaxed or even excused the due diligence requirements (*Manny Cab Co. v. McNeil Teaming Co.*, 28 Ill. App. 3d 1014, 329 N.E.2d 376 (1975); *George F. Mueller & Sons, Inc. v. Ostrowski*, 19 Ill. App. 3d 973, 313 N.E.2d 684 (1974)), nothing in the record indicates that this is a case where there is any unconscionable conduct by the opposing party which would require that the due diligence requirement be relaxed.

■ A review of the chronological development of this case supports the trial court's conclusion that plaintiffs failed to use diligence both in presenting their case to the trial court in the original action and in filing their section 2—1401 petition. With regard to the original action, the record clearly establishes that plaintiffs failed to follow the progress of the case, as required by *Esczuk v. Chicago Transit Authority*, 39 Ill. 2d 464, 236 N.E.2d 719 (1968), by failing to inquire about its status for a period of 32 months. In addition, action was only taken at that time because an associate at their firm found that the case had been dismissed almost two years earlier.

In addition, plaintiffs failed to use due diligence in filing their section 2—1401 petition. Due diligence in filing the petition requires the petitioner to have a "reasonable excuse" for failing to act within the appropriate time. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1386. To determine the reasonableness of the excuse, a court must consider all the circumstances. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387. Additionally, such a petition cannot be used to relieve a party or counsel

of the consequences of his or her own negligence. *Physicians Insurance Exchange*, 316 Ill. App. 3d at 457, 736 N.E.2d at 190. The amount of time elapsed between the dismissal and the next action taken by plaintiffs was nearly two years. The three "excuses" presented by plaintiffs are not reasonable under the circumstances of this case.

It is also important to note that plaintiffs had constructive notice of the dismissal for want of prosecution. According to Fourth Judicial Circuit Court Rule of Practice 7—3, after one year of inactivity the court may dismiss the cause of action for want of prosecution, and the clerk of the circuit court must give notice to the attorneys of record of the entry of such an order. 4th Judicial Cir. Ct. R. 7—3 (eff. November 16, 1984).

It is undisputed that the dismissal for want of prosecution was entered after only 8½ months of inactivity and that none of the parties were provided notice of the entry. Those errors might have impacted our application of the due diligence standard if on or before the time when there was one year of inactivity, plaintiffs had inquired about the status of the case and found that it had been dismissed. However, plaintiffs failed to inquire about the case for nearly two years after the entry, and it had been 32 months since their last activity with the case.

The last docket entry, noting the filing of Paul Caldwell's bankruptcy petition, was August 6, 1990. The dismissal for want of prosecution was entered on April 22, 1991. Some 23½ months later, on April 12, 1993, plaintiffs filed a motion to reinstate their case after they had learned of the dismissal. Plaintiffs had constructive notice because of the local rule, which should have prompted them to inquire about the case on or before August 6, 1991, one year from the last activity on the case. Thus, this is not a reasonable excuse for failing to exercise due diligence in presenting the underlying claim or filing the section 2—1401 petition.

We conclude that the denial of the section 2—1401 petition was proper and affirm the trial court's decision.

Affirmed.

GOLDENHERSH, J., concurs.

JUSTICE WELCH, dissenting:
The Marion County circuit court has promulgated local court rules expecting attorneys to follow them but with reckless disregard to the rules' efficacy over the circuit court. This cause would likely not be before us today but for the circuit court not following its own rule to

provide the parties with notice after a *sua sponte* dismissal. See 4th Judicial Cir. Ct. R. 7—3 (eff. November 16, 1984).

I respectfully dissent from the majority's analysis. To be entitled to section 2—1401 relief (735 ILCS 5/2—1401 (West 1998)), the petitioner must show, by a preponderance of the evidence, specific factual allegations supporting (1) a meritorious claim or defense, (2) due diligence in the original action, and (3) due diligence in filing the section 2—1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). To avoid unfair, unjust, or unconscionable judgments, courts may relax the due diligence requirement where justice and good conscience may require it. See, *e.g.*, *Smith*, 114 Ill. 2d at 225. Indeed, the current trend in Illinois is to relax due diligence standards when necessary to effect substantial justice. See *Pirman v. A&M Cartage, Inc.*, 285 Ill. App. 3d 993, 1003 (1996).

First, for the purposes of this appeal we need not decide whether plaintiffs alleged sufficient facts to support a meritorious claim. Nevertheless, I pause to note that the mere claim of a breach of an attorney's loyalty to his client should not be taken lightly by the judiciary.

Next, the circuit court found that plaintiffs failed to establish due diligence in presenting their claim and in filing the section 2—1401 petition. I could not disagree more. Plaintiffs and defendant conducted a four-year battle in pleading practice from the filing of the cause in 1986 through May 1990—when, after a trial date was set, the individual defendant filed for bankruptcy protection. Furthermore, in May 1990, the First District of this court handed down its decision in *Collins v. Reynard*, 195 Ill. App. 3d 1067 (1990), which in effect eliminated claims of negligence for legal malpractice, thereby eviscerating much of plaintiffs' claim. Such was the law until December 1992, when our supreme court handed down its decision in *Collins v. Reynard*, 154 Ill. 2d 48 (1992), which reversed the appellate court's ruling. During that interim period, on April 22, 1991, the circuit court prematurely dismissed the action without notice to the parties, in stark contravention of its own local rule. By January 1993 plaintiffs were on constructive notice that their cause of action might be saved. On March 31, 1993 (a few weeks before the individual defendant's bankruptcy estate was dismissed), plaintiffs received information that their cause had been dismissed. Less than two weeks later and still within the section 2—1401 limitations period, they filed a motion to reinstate on April 12, 1993. Given the facts, it seems to me that plaintiffs undoubtedly exhibited a large degree of due diligence.

I take issue with the majority's position that the due diligence requirement may not be relaxed or even excused absent unconsciona-

ble conduct by an adversary. That is not the state of the law. See, *e.g.*, *Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436, 443-44 (1992) (suggesting that the due diligence requirement may be relaxed to achieve a just and equitable result in a particular case), citing *Resto v. Walker*, 66 Ill. App. 3d 733 (1978) (granting relief based on oral misrepresentations by a court clerk), and *Kalan v. Palast*, 220 Ill. App. 3d 805 (1991) (granting relief where attorney neglect was due to illness or disability). In this case, any lack of diligence, from the April 1991 dismissal through the April 1993 reinstatement filing and during alleged settlement negotiations, should be excused where plaintiffs could have pursued the defendant law firm as a nonbankrupt party only under contract theories of liability.

For the foregoing reasons, I believe that the circuit court abused its discretion by not providing plaintiff section 2—1401 relief. Such a conclusion satisfies the functions of equity (see *Smith*, 114 Ill. 2d at 221), prevents an unfair and unjust result by giving plaintiffs their day in court in this protracted cause (see *Smith*, 114 Ill. 2d at 225), and ultimately fulfills the purpose of section 2—1401 by reinstating a viable cause of action (*Manning v. Meier*, 114 Ill. App. 3d 835, 837-38 (1983)). Therefore, I would reverse the circuit court's decision.