HOWARD ECKER & CO., Plaintiff-Appellee, *v.* TERRACOM DEVELOPMENT GROUP, INC., Defendant-Appellant—(Trans Union Corporation, Defendant).

First District (4th Division)   No. 82—2185

Opinion filed August 4, 1983.

Daniel J. Pope, Richard A. Ungaretti, and Alexander S. Vesselinovitch,

all of Coffield, Ungaretti, Harris & Slavin, of Chicago, for appellant.

Donald E. Egan and Lee Ann Watson, both of Katten, Muchin, Zavis, Pearl & Galler, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

In March 1979, the plaintiff filed suit against defendants Trans Union Corporation and Terracom Development Group, Inc. (TDG), in the circuit court of Cook County, seeking damages stemming from alleged wrongful conduct in regard to a real estate brokerage commission. Pretrial discovery was concluded in July 1981. When the case was called for trial on June 25, 1982, counsel for the plaintiff failed to appear, and the trial judge entered an order dismissing the cause for lack of prosecution. On August 5, 1982, the plaintiff filed a section 72 petition (recodified as Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) before the same trial judge to vacate that order, and on August 5, 1982, an order was entered granting the motion to vacate, reinstating the case, and setting October 25, 1982, as the date for a bench trial. On September 2, 1982, appellant TDG filed a notice of appeal of the order vacating the dismissal for want of prosecution. TDG now argues that the trial judge lacked jurisdiction to grant the plaintiff's section 72 petition, as well as that he abused his discretion in doing so. We reject these claims and affirm the ruling of the trial court.

■ TDG first contends that the trial judge lacked jurisdiction to grant the plaintiff's section 72 petition because the dismissal for want of prosecution was not a final judgment. It cites the Illinois Supreme Court's recent opinions in *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480, and *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112, to this effect. However, we note that the majority opinion in neither case refers to section 72 petitions. Accordingly, we choose to follow the reasoning set forth by the Second Division of this court in *Yorke v. Stineway Drug Co.* (1982), 110 Ill. App. 3d 1009, 443 N.E.2d 644, *appeal denied* (1983), 93 Ill. 2d 549, which held that an appeal from a section 72 petition contesting a dismissal of an action for want of prosecution is appealable. We therefore conclude that the trial judge had proper authority to grant the section 72 petition.

■ TDG's second argument is that the trial judge abused his discretion in granting that petition since the plaintiff failed to allege facts in the section 72 petition that revealed both a meritorious claim and the exercise of due diligence in presenting such a claim. However, our review of the record discloses that the plaintiff's petition was sup-

ported by a lengthy affidavit of counsel that explicated in detail the inadvertent clerical and docket errors that led to counsel's failure to appear, as well as by legal analysis and supporting documentation, including deposition transcript pages and exhibits, that would, if proved at trial, reveal a meritorious claim. In addition, the plaintiff diligently filed its initial petition to vacate the dismissal for want of prosecution within several days of learning of that order, and then filed the proper section 72 petition within a week after the relevant 30-day period following the entry of the order. Further, we see no resultant prejudice to TDG in proceeding to trial. *Cf. Solomon v. Arlington Park/Washington Park Race Track Corp.* (1979), 78 Ill. App. 3d 389, 396 N.E.2d 1118, and *King v. Equity Mortgage Corp.* (1977), 52 Ill. App. 3d 141, 367 N.E.2d 268.

Under these circumstances, we must conclude that the trial judge considered all the circumstances set forth in the section 72 petition in deciding to exercise his equitable powers in the interest of justice and fairness, and we cannot say that he abused his discretion in so doing. *Yorke v. Stineway Drug Co.; Geller v. General Motors Corp.* (1980), 87 Ill. App. 3d 972, 410 N.E.2d 262.

Finally, we reject the plaintiff's request for costs and attorney fees. Though our consideration of the relevant case law and the record leads us to conclude that TDG's appeal must be denied, the plaintiff's claim that the appeal is frivolous is without basis, particularly where the plaintiff's error in missing a trial date is the underlying cause of this appeal, and the plaintiff had initially failed to follow the appropriate procedure to seek such relief. Therefore, we believe each party should bear its own costs on appeal. See *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524; *In re Estate of Malloy* (1981), 96 Ill. App. 3d 1020, 422 N.E.2d 76.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.