S.C. VAUGHAN OIL COMPANY *et al.*, Plaintiffs-Appellees, v. CALDWELL, TROUTT, AND ALEXANDER, Defendant-Appellant (Paul Caldwell, Defendant).

Fifth District    No. 5—95—0336

Opinion filed December 4, 1996.

Bruce L. Carmen and Michael A. Lawder, both of Hinshaw & Culbertson, of Chicago, for appellant.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellees.

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, Vaughan Oil Company and Charles A. Vaughan, filed a complaint against the defendants, Paul Caldwell and the law firm of Caldwell, Troutt, and Alexander, on August 4, 1986, alleging legal malpractice and conflict of interest. On August 6, 1990, proof that Paul Caldwell had filed a petition for relief under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida was filed with the circuit court of Marion County. A review of the docket sheet maintained by the clerk of the circuit court of Marion County reveals no entries respecting this case from the date of the filing of the bankruptcy petition on August 6, 1990, until April 22, 1991. On April 22, 1991, the record reveals a docket entry stating "cause DWP-close file." Both of the parties apparently agree that "DWP" means dismissed for want of prosecution. On April 12, 1993, plaintiffs filed a motion to reinstate their action for attorney malpractice. The defendants entered a special and limited appearance and on May 7, 1993, filed a motion to strike plaintiffs' motion to reinstate. The defendants argued that the trial court lost jurisdiction of the case 30 days after dismissal, and that the only way of obtaining reinstatement was through a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)), and that plaintiffs did not petition the court pursuant to section 2—1401. The defendants argued that because the plaintiffs had not alleged the elements of a section 2—1401 petition, the motion was inappropriate and did not invoke the circuit court's

jurisdiction. On September 3, 1993, the circuit court entered an order upholding the special and limited appearance as to Paul Caldwell but denied it as to Caldwell, Troutt, and Alexander.

On September 27, 1993, subsequent to the court's denial of their special and limited appearance, Caldwell, Troutt, and Alexander moved to dismiss the motion to reinstate, citing the lack of factual allegations of due diligence in filing the section 2—1401 petition and the existence of a meritorious claim. On March 30, 1994, the plaintiffs filed an amended motion to reinstate, specifically citing section 2—1401. In their motion, the plaintiffs stated the following three reasons as to why they had not pursued the case from April 1991 through March 1993: (1) the claim against Paul Caldwell could not be pursued due to the bankruptcy stay; (2) the decision in *Collins v. Reynard*, 154 Ill. 2d 48, 607 N.E.2d 1185 (1992), was good law from March 28, 1990, through December of 1992, and plaintiffs believed they no longer had a viable attorney malpractice suit against the defendants because *Collins* barred the recovery of economic damages for attorney malpractice actions sounding in tort; and (3) there were ongoing settlement discussions between plaintiffs' counsel and representatives of defendants and their insurers.

On April 20, 1994, defendants again moved to dismiss the amended motion to reinstate. The circuit court entered an order on December 30, 1994, allowing plaintiffs' petition to reinstate. Specifically, the court stated that the plaintiffs should have properly referred to the motion to reinstate as a section 2—1401 petition and that they also should have made factual allegations regarding the meritorious claim. The court went on to note, however, that the motion was "squarely a section [2—]1401 motion" because the focus had been upon the diligence in presenting the claim and the motion. The court also noted that it was "not inclined to further delay this proceeding with evidentiary hearings not anticipated by section [2—]1401." On January 13, 1995, defendant Caldwell, Troutt, and Alexander filed a motion to rehear and reconsider. In its motion, the defendant claimed that the circuit court had not allowed defendant Caldwell, Troutt, and Alexander an opportunity to present evidence either by way of affidavit or by live testimony to controvert the allegations of plaintiffs' section 2—1401 petition. On March 2, 1995, defendant Caldwell, Troutt, and Alexander filed the affidavits of M. Patrice Wilson, insurance adjuster for CNA Insurance Companies, and Thomas L. Browne, defendant's former attorney. Both affidavits contradicted plaintiffs' attorney's affidavit with regard to the amount and significance of telephone contact between plaintiffs' attorney and defendant's representatives. On that same date, the circuit court

vacated the order granting the section 2—1401 petition. On April 19, 1995, the circuit court reconsidered the motion to reinstate and granted it for the reasons set forth in its December 30, 1994, docket entry. Defendant Caldwell, Troutt, and Alexander filed its notice of appeal on May 11, 1995.

Defendant Caldwell, Troutt, and Alexander claims that the trial court abused its discretion in refusing to resolve factual disputes arising from the section 2—1401 petition filed by the plaintiffs, and that the plaintiffs failed to establish due diligence as a matter of law.

We will not address the defendant's contentions, however, because this court does not have jurisdiction of this case for the following reasons.

■ ■ Pursuant to Supreme Court Rule 301, "[e]very *final* judgment of a circuit court in a civil case is appealable as of right." (Emphasis added.) 155 Ill. 2d R. 301. A final judgment has traditionally been defined as a "determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119, 382 N.E.2d 1217, 1219 (1978). An order dismissing a cause for want of prosecution is not a final and appealable order under Supreme Court Rule 301. *Flores v. Dugan*, 91 Ill. 2d 108, 112, 435 N.E.2d 480, 481 (1982). This is so in the instant case because this case was dismissed for want of prosecution on April 22, 1991. At that time, the plaintiff was entitled to an absolute right to refile the same action against the same parties and reallege the same causes of action within one year pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217). See *Flores*, 91 Ill. 2d at 112, 435 N.E.2d at 482. Although we recognize that section 13—217 has been amended and now reads differently, the new version of the statute does not apply to this case. See 735 ILCS 5/13—217 (West Supp. 1995). It is well established that a petition for relief from judgment under section 2—1401 applies only to relief from *final* orders and judgments. 735 ILCS 5/2—1401(a) (West 1992). For an order to be considered "final" so as to render section 2—1401 applicable, the order must dispose of the merits of the cause in such a manner that no further proceedings can be had in the trial court. See *Prendergast v. Rush-Presbyterian-St. Luke's Medical Center*, 78 Ill. App. 3d 538, 541, 397 N.E.2d 432, 435 (1979).

While we recognize that there are cases that have limited the *Flores* decision (*Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436, 440-41, 606 N.E.2d 615, 618 (1st Dist. 1992); *Howard Ecker & Co. v. Terracom Development Group, Inc.*, 116 Ill. App. 3d 918, 919, 452 N.E.2d 781, 783 (1st Dist. 1983); *Yorke v. Stineway Drug Co.*, 110

Ill. App. 3d 1009, 1013, 443 N.E.2d 644, 647 (1st Dist. 1982)), we disagree with the reasoning in these cases. These decisions limit *Flores* solely to a direct appeal from an order dismissing an action for want of prosecution. *Yorke* and *Ecker* held that the *Flores* decision does not apply to section 2—1401 petitions and, therefore, an appeal from a section 2—1401 petition contesting a dismissal for want of prosecution is appealable. Further, in *Robinson*, the court held that "once the statutory refiling period has run, the *Flores* rationale no longer applies and the litigation is terminated—*i.e.*[,] the DWP [dismissal for want of prosecution] order becomes final and appealable." *Robinson*, 238 Ill. App. 3d at 441, 606 N.E.2d at 618. We disagree.

■ In this case, the circuit court dismissed the case for want of prosecution on April 22, 1991. As we previously stated, this dismissal for want of prosecution was not a final and appealable order under Supreme Court Rule 301. We believe that the substance and nature of an order are determined at the time it is entered. Its nature does not change with the passage of time as the aforementioned cases suggest. The fact that the statutory one-year period for refiling has passed does not alter the character and nature of the trial court's ruling at the time that it was made. Hence, the plaintiffs' failure to satisfy a condition subsequent, namely, the filing of a pleading within the parameters of section 13—217 and *Flores*, did not alter the character and nature of the underlying order. *Cf. Martin v. Marks*, 80 Ill. App. 3d 915, 918-19, 400 N.E.2d 711, 713-14 (1980) (court held that order of dismissal was not final and appealable even though plaintiff failed to amend within the 30-day time period). Accord *Doner v. Phoenix Joint Stock Land Bank*, 381 Ill. 106, 108-09, 45 N.E.2d 20, 22 (1942). Accordingly, as the order of April 22, 1991, was not a final judgment, it was not subject to attack by way of a section 2—1401 petition. Although the plaintiffs' original motion to reinstate was not captioned as a section 2—1401 petition, the trial court treated it as such, and this was error. Because the dismissal for want of prosecution against Paul Caldwell and Caldwell, Troutt, and Alexander is not a final and appealable order, plaintiffs' motion to reinstate can only be treated as a motion attacking an interlocutory order. Since the plaintiffs' motion to reinstate was granted on April 19, 1995, and is not a final, appealable order, this court does not have jurisdiction of this case.

Furthermore, this court makes no findings with respect to the efficacy of the bankruptcy stay. For this court to address these matters would be premature in light of the fact that the circuit court retains jurisdiction in this case.

For the foregoing reasons, this appeal is dismissed for lack of ju-

risdiction for want of a final order under Supreme Court Rule 301 (155 Ill. 2d R. 301).

Appeal dismissed.

CHAPMAN and WELCH, JJ., concur.