(No. 82600.—

S.C. VAUGHAN OIL COMPANY *et al.*, Appellees, v. CALDWELL, TROUTT & ALEXANDER *et al.* (Caldwell, Troutt & Alexander, Appellant).

*Opinion filed March 19, 1998.*

HARRISON, J., joined by HEIPLE and NICKELS, JJ., concurring in part and dissenting in part.

Hinshaw & Culbertson, of Chicago (Bruce L. Carmen and Michael A. Lawder, of counsel), for appellant.

Robert I. Auler, of Urbana, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

At issue in this appeal is whether a trial court's or-

der dismissing plaintiffs' case for want of prosecution constitutes a final and appealable order upon expiration of plaintiffs' opportunity to refile the case pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)). For the reasons that follow, we conclude that upon expiration of the section 13—217 period for refiling, the dismissal for want of prosecution constitutes a final and appealable order.

## BACKGROUND

On August 4, 1986, plaintiffs, S.C. Vaughan Oil Company and Charles A. Vaughan, filed a complaint in the circuit court of Marion County naming Paul Caldwell and the law firm of Caldwell, Troutt & Alexander as defendants in an action seeking damages for legal malpractice and conflict of interest. On August 6, 1990, proof that Paul Caldwell had filed a petition for relief under the United States Bankruptcy Code was filed with the circuit court. Pursuant to this bankruptcy petition, an automatic stay of the continuation of the state proceedings as to defendant Paul Caldwell was imposed pursuant to 11 U.S.C. § 362 (1994).

No entries regarding this matter were made on the docket sheet maintained by the clerk of the circuit court of Marion County from the date of the filing of Paul Caldwell's bankruptcy petition on August 6, 1990, until April 22, 1991. After this 8½-month period of inactivity, the record reveals an April 22, 1991, docket entry stating "cause DWP—close file." Both parties agree that the circuit court, on its own motion, entered an order dismissing plaintiffs' cause of action for want of prosecution (DWP).

On April 12, 1993, nearly two years after the entry of the DWP, plaintiffs filed a "motion to reinstate" their case. The motion was supported by an affidavit from one of plaintiffs' attorneys, who averred that notice of the

DWP to the parties was neither recorded on the docket sheet nor filed with the court pursuant to local rule.

After entering a special and limited appearance, the defendants on May 7, 1993, filed a motion to strike plaintiffs' motion to reinstate, arguing that the trial court lost jurisdiction of the matter 30 days after the DWP order was entered. Accordingly, defendants maintained that plaintiffs' sole avenue to obtain reinstatement was through the filing of a petition to vacate the DWP pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 405/2—1401 (West 1992)). Section 2—1401 provides a comprehensive statutory procedure whereby final orders and judgments may be vacated more than 30 days following their entry. Defendants contended that since plaintiffs had neither cited to section 2—1401, nor alleged the elements of a section 2—1401 petition, the "motion to reinstate" was ineffective and did not vest the circuit court with jurisdiction. On September 3, 1993, an order was entered by the circuit court upholding the special and limited appearance as to Paul Caldwell, but denying it as to Caldwell, Troutt, and Alexander.

Subsequent to the trial court's denial of the law firm's special and limited appearance, the defendant law firm moved to dismiss plaintiffs' motion to reinstate, citing plaintiffs' failure to plead factual allegations of due diligence in filing the petition and the existence of a meritorious claim. On March 30, 1994, plaintiffs filed an amended motion to reinstate, specifically citing section 2—1401, and stating three reasons why they had not pursued the case from April 1991 through March 1993: (1) the claim against Paul Caldwell could not be pursued due to the bankruptcy stay; (2) uncertainty as to the types of damages recoverable in legal malpractice actions, which plaintiffs allege occurred as a result of the appellate court's decision in *Collins v. Reynard*, 195 Ill.

App. 3d 1067 (1990), *rev'd*, 154 Ill. 2d 48 (1992); and (3) the existence of ongoing settlement discussions between plaintiffs' counsel and representatives of defendants and their insurers. Plaintiffs additionally reiterated their claim that they were provided no notice of the entry of the DWP by the circuit court, in violation of local court rules.

On April 20, 1994, defendant moved to dismiss the plaintiffs' amended motion to reinstate. The circuit court, on December 30, 1994, entered an order allowing plaintiffs' motion to reinstate, treating it as a petition to vacate the DWP order pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). Although the circuit court stated in its docket entry that the plaintiffs "should have properly referred to the motion as a [2—]1401" petition which should have contained factual allegations regarding the meritorious claim, the court went on to observe that the motion was "squarely a section [2—]1401 motion and the focus has been, largely at the court's direction, upon the diligence in presenting the claim and in presenting the motion." The circuit court also noted that it was "not inclined to further delay this proceeding with evidentiary hearings not anticipated by section [2—]1401." In granting plaintiffs' March 30, 1994, motion to reinstate and denying defendant's motion to dismiss, the trial court found the following to be "especially compelling": (1) the DWP was entered in April 1991 and contrary to local rule no notice of its entry was provided to the parties, which led the trial court to hold that "the diligence required in presenting this motion should be relaxed," and (2) the notice of Paul Caldwell's bankruptcy meant "plaintiff would have reasonably relied on the bankruptcy stay as protecting his state court action from a DWP."

On January 13, 1995, defendant Caldwell, Troutt, and Alexander filed a motion to rehear and reconsider

the trial court's December 30, 1994, ruling. In its motion, defendant contended that the circuit court had not allowed defendant an opportunity to present evidence either by way of affidavit or live testimony to controvert the allegations of plaintiffs' motion to reinstate. On March 2, 1995, defendant filed the affidavits of an insurance adjustor employed by CNA Insurance Company and defendant's former attorney. Both affidavits contradicted plaintiffs' attorney's affidavit concerning the amount and significance of telephone contact between plaintiffs' attorney and defendant's representative in regard to settlement negotiations. On that same date, the circuit court vacated the December 30, 1994, order granting the plaintiffs' motion to reinstate. However, on April 19, 1995, the trial court again reconsidered plaintiffs' motion to reinstate and granted it for the identical reasons set forth in its December 30, 1994, docket entry.

Defendant appealed pursuant to Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)), which allows appeal to the appellate court from a judgment on a petition brought under section 2—1401. Defendant asserted that the trial court abused its discretion in refusing to resolve factual disputes arising from the section 2—1401 petition filed by the plaintiffs and that the plaintiffs failed to establish due diligence as a matter of law.

The appellate court, Fifth District, did not address the merits of defendant's appeal. Instead, the court dismissed the appeal for want of jurisdiction. 285 Ill. App. 3d 77. The appellate court determined, based upon this court's decision in *Flores v. Dugan*, 91 Ill. 2d 108 (1982), that the DWP order entered April 22, 1991, was not a final judgment and, accordingly, was not subject to attack pursuant to a section 2—1401 petition. Therefore, the appellate court found that the trial court had committed error by treating the plaintiffs' motion to rein-

state their case as a petition to vacate a final judgment under section 2—1401. 285 Ill. App. 3d at 81. In arriving at its conclusion, the appellate court disagreed with the interpretation of the *Flores* opinion in three decisions rendered by the First District of the appellate court: *Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436 (1992); *Howard Ecker & Co. v. Terracom Development Group, Inc.*, 116 Ill. App. 3d 918 (1983); and *Yorke v. Stineway Drug Co.*, 110 Ill. App. 3d 1009 (1982).

We granted leave to appeal. 166 Ill. 2d R. 315. Before this court, defendant raises three issues for consideration: (1) whether the appellate court had jurisdiction to hear defendant's appeal from the order reinstating the case; (2) if so, whether plaintiffs exercised due diligence as a matter of law; and (3) whether the trial court abused its discretion by concluding that an evidentiary hearing was not appropriate for the section 2—1401 petition. Because our resolution of the first issue is dispositive, and because the appellate court should resolve the second and third issues raised by the defendant, we do not consider them herein.

## ANALYSIS

The threshold question to be resolved in this matter is whether the appellate court erred in dismissing this appeal for lack of jurisdiction. The appellate court determined that "because dismissal for want of prosecution was not a final and appealable order, plaintiff's motion to reinstate can only be treated as a motion attacking an interlocutory order." 285 Ill. App. 3d at 81. The appellate court concluded that "this appeal is dismissed for lack of jurisdiction for want of a final order under Supreme Court Rule 301 (155 Ill. 2d R. 301)." 285 Ill. App. 3d at 81-82. Plaintiffs, relying upon the reasoning given by the appellate court, urge affirmance of that court's dismissal order on the basis that both the DWP

and reinstatement orders entered by the trial court were interlocutory and nonappealable. Defendants argue, *inter alia*, that the appellate court should have held that it had jurisdiction to entertain this appeal under Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)) as an appeal from an order granting relief from the judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)).

For purposes of jurisdiction, the focus in this matter upon the character of the DWP order is misplaced. Defendant's appeal in the instant case is not based upon the trial court's entry of the DWP order. Instead, this appeal arises from the trial court's subsequent order vacating the DWP and reinstating plaintiffs' cause of action pursuant to section 2—1401 of the Code of Civil Procedure.

Section 2—1401 of the Code of Civil Procedure outlines a procedure by which final orders and judgments may be vacated by the trial court more than 30 days following their entry, if the petition to vacate is not filed later than two years after entry of the judgment. 735 ILCS 5/2—1401 (West 1992); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). To be entitled to relief under section 2—1401, a petitioner must set forth allegations supporting: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith*, 114 Ill. 2d at 220-21. Supreme Court Rule 304(b)(3) provides that a "judgment or order granting or denying any of the relief prayed in a petition under section 2—1401" is final and appealable. 155 Ill. 2d R. 304(b)(3).

Therefore, when a circuit court grants relief on a section 2—1401 petition, as the trial court did here, the appellate court has jurisdiction to review that decision

under Rule 304(b)(3). A judgment or order granting or denying relief on the section 2—1401 petition as provided in Rule 304(b)(3) vests jurisdiction in the appellate court. Because the trial court entered an order granting relief pursuant to section 2—1401 in the instant matter, we determine that under the plain language of Supreme Court Rule 304(b)(3), the appellate court was in error to dismiss the defendant's appeal on jurisdictional grounds.

Although the question of the finality of the underlying DWP order is not determinative of jurisdiction, it is pivotal to the issue of whether the trial court properly entertained plaintiffs' motion to vacate the DWP order pursuant to section 2—1401, because relief under section 2—1401 is available only from final orders and judgments. If an order is not final, section 2—1401 is inapplicable and cannot be the basis for vacating that order. Accordingly, the question of whether an order dismissing plaintiffs' case for want of prosecution constitutes a final order within the meaning of section 2—1401 is a key consideration in determining whether the trial court acted properly in granting relief under that statute.

If a plaintiff's action is dismissed for want of prosecution, that plaintiff has the option, pursuant to section 13—217 of the Code of Civil Procedure, to refile the action within one year of the entry of the DWP order or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13—217 (West 1992). Section 13—217 operates as a savings statute, with the purpose of facilitating the disposition of litigation on the merits and to avoid its frustration upon grounds unrelated to the merits. *Gendek v. Jehangir*, 119 Ill. 2d 338, 343-44 (1988).

The appellate court in its ruling, and the parties in their briefs, have focused their argument upon the question of the proper interpretation of this court's decision

in *Flores v. Dugan*, 91 Ill. 2d 108 (1982), and upon the
diverse and conflicting decisions within the appellate
court districts concerning this interpretation. In *Flores*,
this court addressed the narrow issue of whether a DWP
is a final and appealable order under Rule 301, in light
of a plaintiff's absolute right to refile the suit under the
former section 24 of the Limitations Act (Ill. Rev. Stat.
1979, ch. 83, par. 24a).[1]

The plaintiffs in *Flores* filed a personal injury action.
After a jury trial, a verdict was returned for the
plaintiffs. The trial judge, however, granted the defen-
dants' motion for a new trial, and the appellate court
denied the plaintiffs' petition for leave to appeal from
that order. The cause was remanded to the trial court,
and a new trial date was set. Because the trial judge
was unable to hear the case on the initial date, it was
reset for August 27, 1979, to accommodate the plaintiffs.

One week prior to the trial date, the plaintiffs'
counsel was told by a clerk that the case would not be
heard on the scheduled date because the week of August
27 was customarily reserved for nonjury matters.
However, the trial judge subsequently informed the
plaintiffs' counsel that the case would indeed be heard
on the scheduled date, and that a clerk in the adminis-
trator's office had no authority to tell an attorney that a
particular case would not be heard. The plaintiffs' at-
torney told the judge that the plaintiffs' physician would
not be available to testify on the August 27 trial date.
However, because the physician had not been subpoe-
naed as required under local rule, the trial judge
informed the plaintiffs' counsel that the fact that the
doctor was unavailable to testify was not a ground for
resetting the trial.

---

[1]This is the predecessor section to section 13—217 of the
Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—
217).

On August 27, another attorney from the plaintiffs' counsel's office appeared in court on behalf of the plaintiffs, and presented a motion for continuance based upon the absences of the plaintiffs' physician and of the other attorney, who, he claimed, was involved in another matter. The trial judge denied the motion and offered the plaintiffs' counsel three options: (1) proceeding to trial; (2) taking a voluntary dismissal; or (3) allowing a dismissal for want of prosecution. Plaintiffs' counsel opted for the DWP, and the trial court entered an order which stated that the cause was dismissed "for want of prosecution without prejudice to refile this suit within the time permitted by statute." The judge subsequently denied the plaintiffs' petition to vacate the DWP order.

The appellate court dismissed the plaintiffs' appeal of the trial court's denial of their petition to vacate the DWP order on the basis that a DWP is not a final and appealable order. In affirming the judgment of the appellate court, this court held that "in light of a plaintiff's absolute right to refile this cause under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), an order dismissing a cause for want of prosecution is not a final and appealable order under Supreme Court Rule 301." *Flores*, 91 Ill. 2d at 111-12.

The *Flores* court explained that "[a] final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores*, 91 Ill. 2d at 112, citing *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119 (1978). The plaintiffs' "absolute right to refile the action against the same party or parties and to reallege the same causes of action" (*Flores*, 91 Ill. 2d at 112) was pivotal to this court's holding, because under such circumstances, "the order of dismissal could not terminate the litigation." *Flores*, 91 Ill. 2d at 114. Thus, in *Flores*, at the time the

plaintiffs filed the appeal, the DWP did not operate as a final order because the plaintiffs had an absolute right to refile their action within one year pursuant to the savings statute.

In addition, the trial court's DWP order in *Flores* specifically stated that the dismissal was entered "without prejudice to refile the suit within the time permitted by statute." Although such language may not have been required in light of the nonfinal character of the DWP order, this court noted that the language "clearly manifests the intent of the court that the order not be considered final and appealable." *Flores*, 91 Ill. 2d at 114.

The *Flores* court also noted in passing that "[t]he result we reach may seem to be harsh" in light of the fact that the plaintiffs had ultimately not exercised their option to refile their suit, and a lack of an avenue of appeal would prevent a determination of whether the trial judge abused his discretion in entering the DWP order. This court, however, observed that "[t]he remedy of refiling created by section 24 of the Limitations Act is in fact a more expeditious and less expensive remedy than an appeal. Following the dismissal, plaintiffs could have refiled immediately, and a disposition on the merits could have been made much sooner than if the trial judge's ruling had been appealed to the appellate court, reversed and remanded, and then set for trial on the merits. Also, the costs involved in refiling would have been substantially less than those involved in the appellate process." *Flores*, 91 Ill. 2d at 115.

The *Flores* holding was reaffirmed one year later in *Wold v. Bull Valley Management Co.*, 96 Ill. 2d 110 (1983), where this court again addressed the issue of whether a DWP is a final and appealable order if the plaintiff's right to refile the matter had not expired. There, the plaintiff filed a complaint for damages result-

ing from an alleged malicious breach of an employment contract. Several days before the trial was to begin, the plaintiff moved to reset the trial date. The judge dismissed the case for want of prosecution because of the plaintiff's failure to appear on the originally scheduled trial date. On appeal, the plaintiff in *Wold* alleged that the trial court erred in entering the DWP order. The appellate court determined that it lacked jurisdiction over the appeal because the DWP was not a final and appealable order, since under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a, now 735 ILCS 5/13—217 (West 1992)) the plaintiff could have refiled the action within one year after the dismissal.

In affirming the appellate court's ruling that it lacked jurisdiction, this court determined that *Flores* was dispositive, stating: "[I]t is clear that the order of dismissal for want of prosecution in the instant case is not a final and appealable order [because] [p]ursuant to section 24 of the Limitations Act, counsel could have refiled the action within the one year after the dismissal ***." *Wold*, 96 Ill. 2d at 112. As in *Flores*, this court observed in *Wold* that the "plaintiff failed to pursue the proper remedy." *Wold*, 96 Ill. 2d at 112.

In the instant case, relying upon this court's holding in *Flores*, the appellate court determined that because the DWP entered by the trial court on April 22, 1991, was not a final and appealable order, the trial court had committed error by treating plaintiffs' motion to reinstate as a petition to vacate the DWP under section 2—1401. 285 Ill. App. 3d at 80.

We believe that the appellate court read this court's decision in *Flores* too broadly. *Flores* stands for the proposition that because the entry of a DWP order does not prejudice a plaintiff's case nor bar a subsequent suit on the same issues as long as the section 13—217 period for refiling exists, a DWP order cannot be considered

final and appealable during the time period within which the refiling option is available. *Flores*, 91 Ill. 2d at 111-12.

The unique circumstances in the instant matter present an issue of first impression not squarely faced by this court in *Flores*: whether the expiration of the period for refiling under section 13—217 renders an order dismissing a case for want of prosecution a final order. In contrast to the procedural posture of the parties in *Flores*, in the case at bar, plaintiffs filed a motion to reinstate their cause of action after the section 13—217 refiling period had expired, causing defendants to argue that the expiration of the refiling period rendered the DWP final, and, therefore, plaintiffs' only recourse was to file a motion to vacate the DWP pursuant to section 2—1401. The circumstances in the instant matter are beyond those presented in *Flores*, because here the plaintiffs no longer had an absolute right to refile their action pursuant to section 13—217.

We hold that where, as in the instant matter, the period for refiling granted a plaintiff pursuant to section 13—217 has expired, the litigation is effectively terminated. Therefore, at the time the refiling period expires, the DWP constitutes a final judgment because, at this juncture, the order effectively "ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores*, 91 Ill. 2d at 112, citing *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119 (1978). Indeed, we have recently reaffirmed the importance of the finality of judgments in *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496 (1997), where we rejected the argument that final orders were transformed into nonfinal orders by virtue of plaintiffs' refiling their action in the circuit court while an appeal was pending.

In concluding that it lacked jurisdiction in this matter because the DWP order constituted an interlocutory,

nonappealable ruling, the appellate court explicitly held that the character of a DWP order is not affected by the expiration of the section 13—217 refiling period. The appellate court discussed and rejected the reasoning in *Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436 (1992).

In *Robinson*, the trial court dismissed specific counts of the plaintiff's complaint with prejudice, but allowed plaintiff to file an amended complaint. Subsequently, the trial court dismissed the cause for want of prosecution, and, similar to the case at bar, the plaintiff waited almost two years to file a petition to vacate the DWP order. However, unlike plaintiff in the instant matter, the *Robinson* plaintiff's petition to vacate the DWP expressly relied upon section 2—1401. The trial court thereafter denied the plaintiff's section 2—1401 petition on the basis the petition failed to specify that the plaintiff had a meritorious cause of action. The plaintiff then filed a motion to reconsider the petition's denial and for leave to file an amended complaint as an amendment to the petition. The trial court held a hearing on the motion to reconsider, allowed the plaintiff to supplement that motion, and subsequently granted the plaintiff's section 2—1401 petition to vacate the DWP.

On appeal, the *Robinson* defendant asserted that the plaintiff was barred from seeking relief under section 2—1401 because pursuant to *Flores* a DWP is not a final and appealable order. In rejecting this argument, *Robinson* explained that, in *Flores*, this court "held that a DWP was not final and appealable because the plaintiff had an absolute right to refile the complaint within the statutory limit now set forth in section 13—217 of the Code of Civil Procedure; thus the DWP order did not terminate the litigation within the statutory limit." *Robinson*, 238 Ill. App. 3d at 441. The *Robinson* court then reasoned that "[c]onversely, it follows that

once the statutory refiling period has run, the *Flores* rationale no longer applies and the litigation is terminated—*i.e.,* the DWP order becomes final and appealable." *Robinson,* 238 Ill. App. 3d at 441. Because the record indicated that the statutory refiling period under section 13—217 had already expired when the plaintiff filed his section 2—1401 petition, the *Robinson* court concluded that the appropriate avenue of relief from the DWP order was the filing of a petition pursuant to section 2—1401. *Robinson,* 238 Ill. App. 3d at 441. We believe the rationale of *Robinson* is equally applicable to the instant matter.

In disagreeing with the analysis in *Robinson,* the appellate court in the case at bar held that "the substance and nature of an order are determined at the time it is entered. Its nature does not change with the passage of time as *** [*Robinson*] suggest[s]." 285 Ill. App. 3d at 81. The appellate court then determined that the character and nature of the trial court's ruling at the time of entry was not altered by the fact that the statutory one-year refiling period pursuant to section 13—217 had expired. Consequently, the appellate court concluded that "the plaintiffs' failure to satisfy a condition subsequent, namely, the filing of a pleading within the parameters of section 13—217 and *Flores* did not alter the character and nature of the underlying order." 285 Ill. App. 3d at 81. Plaintiffs in the case at bar similarly contend that the character of the trial court's order is determined upon its entry and is not subject to change based upon either the passage of time or the occurrence of subsequent events. In support of this argument, plaintiffs rely upon *Martin v. Marks,* 80 Ill. App. 3d 915 (1980).

However, *Martin* does not support the proposition that the nature of an order is unaffected by the passage of time and the occurrence of ensuing events. To the

contrary, *Martin* recognized that under certain circumstances the character of an order may be altered by subsequently occurring events. In *Martin*, the court stated that "[a] general dismissal followed by an election to stand on the complaint is not a final and appealable order until a subsequent order dismissing the suit is entered." *Martin*, 80 Ill. App. 3d at 919. See also *Tuch v. McMillen*, 167 Ill. App. 3d 747, 752-53 (1988) (a DWP order entered after a plaintiff has exercised his one-time right to a section 13—217 refiling constitutes a final and appealable order). Thus, *Martin* supports the rationale that the termination of a plaintiff's option for refiling under section 13—217 affects the character of the DWP order.

An undesirable result would occur if we were to accept the rationale, advocated by plaintiffs and relied upon by the appellate court in this matter, that the expiration of the section 13—217 refiling period does not affect the nature and character of the DWP order. As defendant observed in the case at bar, if a DWP order is never considered final, the case exists in a "procedural limbo" until plaintiff decides to file a motion to reinstate. The difficulties in such an approach are readily apparent by an examination of the facts in the instant matter. When this matter was dismissed for want of prosecution in 1991, the five-year statute of limitations for legal malpractice actions had run. Because the DWP went unnoticed by plaintiffs for nearly two years, their right to an automatic refiling of the action under section 13—217 was lost. Thus, plaintiffs resorted to a motion to reinstate the original action in the trial court. Under the analysis adopted by the appellate court and advocated by plaintiffs, the DWP order entered 23 months earlier remained interlocutory and, presumably, would continue to be interlocutory until plaintiffs decided to reinstate their case, even if plaintiffs remained idle for

several or many more years. This example illustrates that under such a rationale, there would never be finality for a case dismissed upon this basis.

In addition, the reasoning advanced by plaintiffs and adopted by the appellate court in the instant matter contradicts both the letter and the spirit of the pertinent statutory provisions, which require plaintiffs to pursue their cases within set time parameters. Section 13—217 allows plaintiffs a specified time period within which to refile their actions, and section 2—1401 allows plaintiffs a two-year period within which to revive previously terminated cases. Although plaintiffs argue that the approach we adopt here would cause confusion in determining the finality of orders because parties would have to "wait and see" if certain pleadings were filed before knowing whether a court's order was final, this argument misses the mark. Under our holding today, the date upon which an order for dismissal of prosecution becomes final is the date upon which plaintiffs' right to refile the cause of action under section 13—217 expires. In turn, two years after that date, plaintiffs' right to file a motion to vacate the DWP pursuant to section 2—1401 will expire. Rather than causing confusion, this scheme provides both plaintiffs and defendants with specific expiration dates.

In addition, plaintiffs ignore the fact that they are in control of their own litigation and are left with the choice as to whether and when to refile their case once they suffer a DWP. As this court has previously observed in both *Flores* and *Wold*, plaintiffs are statutorily afforded the option of refiling under section 13—217 and the choice of litigation tactics is left to plaintiffs. However, if plaintiffs err and fail to meet the statutorily prescribed time limitations, their dilemma is a result of their own doing. Once the DWP becomes final, in order to revest the trial court with jurisdiction the plaintiffs must meet

the requirements to vacate that order under section 2—1401. Thus, the section 2—1401 petitioner has the burden of establishing the existence of a meritorious claim or defense, due diligence in presenting the claim or defense to the circuit court in the original action, and due diligence in filing the section 2—1401 petition for relief. *Smith*, 114 Ill. 2d at 220-21. In this way, both plaintiffs and defendants are afforded the benefit of a defined process in the context of DWP orders which is applicable to parties in any other case where a final order has been entered. Plaintiffs are provided with a procedure in which to obtain relief where plaintiffs can establish an otherwise meritorious action and their own due diligence, while defendants are afforded a measure of protection to the extent that plaintiffs must establish those elements in order to vacate the dismissal for want of prosecution and continue with the case.

There must be certainty and finality in litigation; there must be a point in litigation at which the issues are decided and the determination is final. The parties involved must make their case in the appropriate time allowed under our statutory scheme.

The appellate court was therefore in error when it characterized the DWP order entered in this matter as a nonappealable interlocutory order. As discussed above, at the point in time that the section 13—217 period for refiling expires, the DWP becomes a final and appealable order. The only vehicle for reinstating the case before the original trial court upon that occurrence is the filing of a petition pursuant to section 2—1401. However, we emphasize that until the time of the expiration of the period for refiling, the DWP remains a nonappealable interlocutory order pursuant to the *Flores* rationale.

In two other opinions rendered by the First District of the appellate court, *Howard Ecker & Co. v. Terracom*

*Development Group, Inc.*, 116 Ill. App. 3d 918 (1983), and *Yorke v. Stineway Drug Co.*, 110 Ill. App. 3d 1009 (1982), the appellate panels held that the *Flores* rationale did not apply to cases involving petitions to vacate final orders brought pursuant to section 72 of the Civil Practice Act (the predecessor of section 2—1401). In both *Howard Ecker & Co.* and *Yorke*, the trial courts granted petitions brought by the plaintiffs pursuant to section 72 to vacate previously entered DWP orders. In both instances, the plaintiffs filed their petitions shortly after the entry of the DWP orders, without exercising their refiling option. In affirming the judgment of the trial courts in granting the plaintiffs' petitions, both appellate panels determined that *Flores* was limited to direct appeals of a DWP order and thus did not apply to cases involving section 72 petitions. *Howard Ecker & Co.*, 116 Ill. App. 3d at 919; *Yorke*, 110 Ill. App. 3d at 1013.

We disagree with the reasoning in *Howard Ecker & Co.* and *Yorke* to the extent that the appellate panels held the *Flores* rationale inapplicable to cases involving petitions to vacate brought pursuant to section 2—1401 (formerly section 72) and allowed the filing of such petitions to vacate the DWP orders before expiration of the plaintiffs' available refiling period. As our above discussion of the case law reveals, such an approach is theoretically inconsistent with *Flores*, which stands for the proposition that a DWP order remains interlocutory during the available period for refiling under section 13—217. Accordingly, we overrule those cases to the extent their analysis conflicts with our holding in the instant case.

In sum, after the period for refiling provided by section 13—217 expires, a DWP order operates as a termination of the litigation between the parties, and constitutes a final and appealable order. In the instant

matter, since plaintiffs' period for refiling pursuant to section 13—217 had expired, the trial court correctly treated plaintiffs' motion to reinstate as a motion to vacate the judgment pursuant to section 2—1401. In turn, the trial court's grant of the section 2—1401 motion was appealable pursuant to Rule 304(b)(3), which allows for immediate appeals from the resolution of section 2—1401 petitions.

Because the appellate court's disposition of the appeal in the instant matter was incorrectly based on a lack of jurisdiction, the court did not reach the question of the propriety of the trial court's grant of the section 2—1401 motion. The appellate court declined to make a determination on the merits as it "would be premature in light of the fact that the circuit court retains jurisdiction in this case." 285 Ill. App. 3d at 81. In view of our holding, the appellate court has jurisdiction in this matter. Accordingly, we reverse the judgment of the appellate court and remand the cause to that court for consideration of other issues pending.

*Reversed and remanded.*

JUSTICE HARRISON, concurring in part and dissenting in part:

I agree that the appellate court should not have dismissed this appeal for lack of jurisdiction. Contrary to the majority, however, I would not remand for further proceedings. The judgment of the circuit court granting plaintiffs' petition to reinstate under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) should be reversed outright.

Relief is available under section 2—1401 only from final orders and judgments. If an order is not final, section 2—1401 is inapplicable and cannot be the basis for setting aside that order. The predicate for plaintiffs' section 2—1401 petition in this case was an order dismissing their case for want of prosecution (the DWP order).

Our court has previously held, however, that an order dismissing a case for want of prosecution is not final. *Flores v. Dugan*, 91 Ill. 2d 108 (1982); *Wold v. Bull Valley Management Co.*, 96 Ill. 2d 110 (1983). Although *Flores* and *Wold* addressed finality in the context of Supreme Court Rule 301, the concept of finality is the same there as it is in the context of a section 2—1401 petition.

My colleagues try to escape the holding in *Flores* by construing that case to mean only that a DWP order is not final during the period for refiling provided by section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)). Under their interpretation, once the refiling period expires without a new action having been commenced, the previously nonfinal, interlocutory DWP order is automatically transformed into an order that is final.

The problem with this analysis is that there is nothing in *Flores* to support it. The focus in *Flores* was the character of the DWP order at the time the order was entered. Subsequent events were irrelevant. Even though the plaintiffs in that case did not, in fact, refile within the period provided by the predecessor provision to section 13—217 (see *Flores*, 91 Ill. 2d at 115), that did not affect the court's conclusion. For the purposes of determining finality of the DWP order, the only thing that mattered was that plaintiffs *could* have refiled had they chosen to do so. Their subsequent failure to act did not transform the DWP order into a final order once the statutory refiling period had passed.

My colleagues claim that their approach will advance the interests of certainty and finality in litigation. I think the opposite is true. In ruling as they have, my colleagues have made the finality of an order a fluid and changeable property.

Our court recently rejected the notion that a final

order could be rendered nonfinal by subsequent conduct of the parties. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496 (1997). We should likewise reject the notion that the action or inaction of a party could render an otherwise nonfinal order final. That is especially so where, as here, no further action has been taken by the trial court that would trigger the change.

The majority is right that its approach will not be prejudicial to plaintiffs. Under the majority's view, plaintiffs have full power to control the process. They can now either refile under section 13—217 or wait and initiate a petition under section 2—1401.

What the majority fails to appreciate is the effect its decision will have on defendants. If a DWP order remained nonfinal, as it should under *Flores*, defendants' exposure to future litigation would be subject to a definite endpoint. Once section 13—217's refiling period had passed, the matter would be closed, and plaintiffs would have no further recourse. Under the majority's view, however, expiration of section 13—217's refiling period opens an entirely new window of opportunity for plaintiffs to pull defendants back in the litigation. As soon as the clock runs out under section 13—217, the majority allows it to restart under section 2—1401. All the while defendants are left to wait and wonder. Where is the certainty and finality in that?

*Flores* should be controlling here, and it is fatal to plaintiffs' petition under section 2—1401. Because the DWP order was not final and did not become final, that order was not a proper subject for relief under section 2—1401. To the extent that *Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436 (1992), *Howard Ecker & Co. v. Terracom Development Group, Inc.*, 116 Ill. App. 3d 918 (1983), and *Yorke v. Stineway Drug Co.*, 110 Ill. App. 3d 1009 (1982), support a contrary conclusion, they should be overruled.

There are no alternative grounds to sustain the circuit court's judgment. Plaintiffs' petition should therefore be denied as a matter of law. Under these circumstances there is no need to remand to the circuit court for further proceedings.

For the foregoing reasons, I would reverse the judgment of the appellate court dismissing the appeal for lack of jurisdiction and would reverse the judgment of the circuit court granting plaintiffs' motion to reinstate.

JUSTICES HEIPLE and NICKELS join in this partial concurrence and partial dissent.