**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019*
Decided April 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2429

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., as Trustee for GSAA Home Equity Trust 2006-18, Asset-Backed Certificates, Series 2006-18, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee,* | No. 13 CV 2599 |
| *v.* | Virginia M. Kendall, *Judge.* |
| TRACY CORNISH, *Defendant-Appellant.* | |

**O R D E R**

Tracy Cornish appeals the judgment foreclosing the mortgage on her home, confirming its sale, and ordering her eviction. She argues that an earlier foreclosure action in state court deprived the district court of jurisdiction or, alternatively, that res judicata barred the court from deciding the case. Because the district court was not

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

asked to overturn the earlier state-court decision, and that decision was not a final judgment, we affirm.

The judgment in this case follows a lengthy series of judicial proceedings related to Cornish's home and mortgage. Cornish's mortgage had been assigned to Avelo Mortgage, which sued for foreclosure in state court in 2007. The parties agreed to dismiss the case in 2008. Avelo sued for a foreclosure judgment again in 2008; the state court dismissed that action for want of prosecution in 2010.

Then in 2013, Avelo assigned Cornish's mortgage to an asset-backed securities trust administered by Deutsche Bank National Trust Company. (Cornish initially disputed the validity of the assignment, but that issue is not part of this appeal.) Deutsche Bank then filed this foreclosure action in federal court later in 2013, invoking jurisdiction based on diversity of citizenship. Cornish moved to dismiss the complaint for lack of subject-matter jurisdiction, arguing in part that a foreclosure action was pending in state court. The district court concluded instead that res judicata barred the suit, explaining that the Illinois court's 2010 dismissal of the foreclosure action was a final judgment under state law because Avelo did not refile its suit within one year or within the remaining period allowed by the statute of limitations.

Deutsche Bank moved to reconsider, arguing that the statute of limitations had not yet run, and therefore it was free to refile the dismissed case. The district court granted Deutsche Bank's motion and reinstated the case. The district court later entered summary judgment in favor of Deutsche Bank; in 2018, the court finally entered an order approving the sale of Cornish's property at auction. Cornish appeals.

Cornish first contends that res judicata barred Deutsche Bank's foreclosure suit. We apply Illinois law of res judicata (claim preclusion) to determine the effect of the Illinois court's judgment. *Baek v. Clausen*, 886 F.3d 652, 660 (7th Cir. 2018). Res judicata requires: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of causes of action; and (3) identical parties or privies. *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008).

Here, there was not a final judgment in Avelo's state-court foreclosure action against Cornish. In Illinois, a dismissal for want of prosecution is a final judgment only when the time period for refiling the action expires. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 693 N.E.2d 338, 344 (Ill. 1998). Under the savings statute, a plaintiff may refile the action within the remainder of the applicable statute of limitations. 735 ILCS § 5/13–217. Here, the statute of limitations for a mortgage foreclosure case is 10

years. 735 ILCS § 5/13-206; *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 106 N.E.3d 379, 393 (Ill. App. Ct. 2018). Deutsche Bank thus had 10 years from Cornish's alleged default date of December 27, 2006 to refile for foreclosure. It timely filed this case on April 3, 2013.

Cornish insists that this reading of Illinois law is incorrect because under Illinois Supreme Court Rule 273, involuntary dismissals generally *are* adjudications on the merits. But the Illinois Supreme Court has interpreted this rule to exclude dismissals for want of prosecution. *See Flores v. Dugan*, 435 N.E.2d 480, 481 (Ill. 1982). We will not contradict it on this issue. *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 970 (7th Cir. 2013).

Cornish also argues that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction over Deutsche Bank's action. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the doctrine, no federal court other than the Supreme Court has subject-matter jurisdiction to adjudicate suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). But in this case, Deutsche Bank's predecessor in interest, Avelo, was not a state-court loser—as explained, there was no merits disposition—and Deutsche Bank's foreclosure suit did not invite review or rejection of the state-court judgment dismissing the case for want of prosecution. *Cf. Mains v. Citibank, N.A.*, 852 F.3d 669, 677 (7th Cir. 2017) (reasoning that plaintiff seeking to vacate state judgment of foreclosure runs into *Rooker-Feldman*). Therefore, the *Rooker-Feldman* doctrine did not apply.

AFFIRMED