**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190363-U

Order filed April 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| PEKIN INSURANCE COMPANY, as subrogee of MARY DERMODY, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellant, | ) | |
| v. | ) ) ) | Appeal No. 3-19-0363 Circuit No. 19-SC-192 |
| VICTOR TAYLOR, | ) ) | Honorable Michael P. McCuskey, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The dismissal of the plaintiff's refiled complaint was reversed because the plaintiff's original complaint was dismissed for want of prosecution and the refiled complaint was filed within the time frame proscribed by section 13-217 of the Code of Civil Procedure.

¶ 2    The plaintiff, Pekin Insurance Company, appealed the dismissal of its refiled complaint to recover damages for the alleged negligent driving of the defendant, Victor Taylor.

¶ 3                                FACTS

¶ 4        Following an automobile accident involving the defendant and the plaintiff's insured that occurred on June 7, 2018, the plaintiff paid its insured's claim for vehicle damage and medical expenses, a total of $7,863.44. The plaintiff sought to recover this amount from the defendant, alleging that the accident was caused by the defendant's negligent driving. The defendant's insurer paid $4,398.86 to the plaintiff, as subrogee of its insured. Thus, the plaintiff filed an action on August 29, 2018, against the defendant to recover the balance, $3,464.58 (case No. 18-SC-1790). That complaint was dismissed for want of prosecution without prejudice on September 24, 2018. Thereafter, on December 10, 2018, the plaintiff filed a motion to reinstate, which was denied on January 4, 2019.

¶ 5        On February 4, 2019, the plaintiff refiled the complaint, which is the instant action. The trial court dismissed the complaint with prejudice on March 13, 2019. The trial court found that the motion to reinstate in case No. 18-SC-1790 was untimely because it was filed more than 30 days after the dismissal for want of prosecution. The trial court ruled that the plaintiff should have appealed the February 4, 2019, dismissal rather than file a new action. The plaintiff's motion to reconsider was denied, and the plaintiff appealed.

¶ 6                                                    ANALYSIS

¶ 7        The plaintiff argues that the trial court erred in dismissing the plaintiff's refiled complaint because it was filed within the time provided for refiling under section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)).[1] The defendant did not file an appellee brief. However, since the record is simple and the claimed error can easily be decided without the aid of

---

[1]The current version of section 13-217 of the Code does not provide for refiling after a dismissal without prejudice. However, the act that made the amendments that removed that provision, Public Act 89-7 (eff. Mar. 9, 1995), known as the Civil Justice Reform Amendments of 1995, was found to contain unconstitutional provisions that were not severable, so the whole act was declared invalid. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997). Thus, the pre-1995 version of section 13-217 of the Code is the effective version. *Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 8 n.2.

an appellee's brief, we will proceed with our review. *First National Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395 (2008).

¶ 8        Section 13-217 of the Code provides that if an "action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution." 735 ILCS 5/13-217 (West 1994). Thus, if a plaintiff's action is dismissed for want of prosecution, that plaintiff has the right to refile the action within one year of the entry of the dismissal order or within the remaining period of limitations, whichever is greater. *Flores v Dugan*, 91 Ill. 2d 108, 111-12 (1982) (interpreting the predecessor to section 13-207 of the Code, section 24 of the Limitations Act, Ill. Rev. Stat. 1979, ch. 83, ¶ 24a, and holding that the plaintiff had the "absolute right" to refile); *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998). The statute is referred to as a savings statute, and it should be liberally construed in order to achieve its remedial purpose of facilitating the resolution of litigation on the merits rather than on grounds unrelated to the merits. *S.C. Vaughan Oil Co.,* 181 Ill. 2d at 497.

¶ 9        It is clear from the record that the original action, case No. 18-SC-1790, was dismissed for want of prosecution, with no ruling on the merits. As such, that ruling was not final or appealable and remained an unappealable interlocutory order until the time period for refiling expired. *Flores*, 91 Ill. 2d at 111-12. Since the plaintiff refiled its action within the time frame allowed by section 13-217 of the Code, the trial court erred by dismissing the complaint. Thus, we reverse the dismissal of the refiled complaint and remand for further proceedings.

¶ 10                                                    CONCLUSION

¶ 11        The judgment of the circuit court of Peoria County is reversed and remanded.

¶ 12    Reversed and remanded.