**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190556-U

Order filed September 2, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| EDDIE D. SARDON, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Bureau County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0556 |
| | ) | Circuit No. 19-SC-309 |
| | ) | |
| NICHOLE GUTIERREZ (DELALUZ), | ) | Honorable |
| | ) | Marc P. Bernabei, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The plaintiff's appeal from the order dismissing his complaint for want of prosecution was dismissed for lack of appellate jurisdiction because the dismissal remained an interlocutory order until the plaintiff's option to refile expired.

¶ 2     The plaintiff, Eddie D. Sardon, appealed the order dismissing his small claims complaint for want of prosecution.

¶ 3                                         FACTS

¶ 4        Sardon filed a *pro se* small claims complaint against the defendant, Nichole Gutierrez (Delaluz), alleging that Gutierrez was indebted to Sardon in the amount of $5000, which was the value of various items of personal property. According to the complaint and related filings, Sardon was in the Bureau County Jail when he filed the complaint. Summons was issued and returned to Sardon, returnable at the first appearance, which was set for September 12, 2019. On that date, when neither Sardon nor an attorney appeared on Sardon's behalf, the complaint was dismissed for want of prosecution. Sardon appealed.

¶ 5                                              ANALYSIS

¶ 6        Sardon argues that his complaint should not have been dismissed for want of prosecution because he was denied the right to be present in court. The record does not indicate that Gutierrez was ever served with the summons and complaint, and she did not enter an appearance in the trial court. So, it is not surprising that she did not file an appellee brief. While we can decide the merits of an appeal without an appellee brief when the record and issues are simple, *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), we will not do so in this case because we lack appellate jurisdiction.

¶ 7        A reviewing court has a duty to consider *sua sponte* whether it has jurisdiction and to dismiss an appeal if it lacks jurisdiction. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192 (2005). Sardon sought to appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), on the basis that he was appealing a final order. A dismissal for want of prosecution, however, is not a final order. If a plaintiff's action is dismissed for want of prosecution, the plaintiff has the option, under section 13-217 of the Code of Civil Procedure (Code), to refile the action within one year of the entry of the dismissal or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13-217 (West 1994); *Jackson v. Hooker*, 397 Ill. App. 3d 614, 618 (2010). A dismissal for want

2

of prosecution only becomes a final order when the period for refiling as outlined in section 13-217 of the Code expires, remaining an unappealable interlocutory order until that time. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 501-02 (1998). While the applicable statute of limitations is not clear from the complaint, the dismissal was entered on September 12, 2019, so the dismissal order was not a final order when the plaintiff filed his appeal on September 23, 2019.

¶ 8                                         CONCLUSION

¶ 9             The appeal is dismissed for lack of jurisdiction.

¶ 10            Appeal dismissed.