WILLIAM McCARTHY, Plaintiff-Appellant, *v.* MORGAN M. FINLEY, Clerk of the Circuit Court, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1537

Opinion filed March 5, 1984.

Edward T. Graney, Michael D. Gerstein, and William J. O'Connor, all of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and James McVane, Jr., Assistant State's Attorneys, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

William McCarthy (plaintiff) filed a class suit against Morgan M. Finley, clerk of the circuit court, Edward J. Rosewell, county treasurer of Cook County, and the County of Cook (defendants). Plaintiff alleged unlawful collection of fees by defendants for the filing of motions to vacate judgments. Plaintiff prayed declaratory and other relief. Plaintiff filed a motion for summary judgment. Defendants filed a response and plaintiff filed a further response. The motion for summary judgment was denied. After an evidentiary hearing, the trial court entered judgment for defendants. Plaintiff has appealed.

Prior to 1981, the statute regulating fees charged by the clerk of the circuit court (Ill. Rev. Stat. 1979, ch. 25, par. 27.2) provided:

"(7) Petition or motion to vacate, alter or modify any judgment, decree or other final order of Court, if filed later than 30 days after the entry of a judgment or order, except in forcible entry and detainer cases and small claims cases, $10.

(8) Petition to vacate judgment of dismissal for want of prosecution, whenever filed, $10."

Effective in 1981, these subparagraphs of the statute were amended to authorize clerk's fees as follows (Ill. Rev. Stat., 1982 Supp., ch. 25, par. 27.2(7)):

"(a) Petition for modification of a judgment, decree or order of Court, except in forcible entry and detainer cases and small claims cases; petition to vacate judgment of dismissal for want of prosecution; petition to reopen an estate; petition to vacate order of default, if filed before 30 days after the entry of such judgment decree or order, $20.

(b) Petition for modification of judgment, decree or order of Court, except in forcible entry and detainer cases and small claims cases; petition to vacate judgment of dismissal for want of prosecution; petition to reopen an estate; petition to vacate order of default, if filed later than 30 days after the entry of such judgment decree or order, $30."

Simple examination of these statutes demonstrates immediately and conclusively that the purpose of the amendment was to increase the income of the clerk's office. The fee of $10 provided in the former law is gone. It is replaced by fees of $20 and $30. Also, at the evidentiary hearing, there was strong testimony from persons associated with the drafting of the 1981 amendment that the purpose of the amendment was to alleviate a huge deficit resulting from operation of the office of the clerk of the circuit court. Two witnesses so testified. One witness, the director of the Judicial Advisory Commission, bluntly stated the purpose of the amendment was, "To raise the fees."

A transcription of the debate held on the floor of the Illinois House of Representatives on May 18, 1981, shows Representative Getty stating, "Presently, the Circuit Court of Cook County is operating at a very substantial deficit in the millions of dollars. This [Bill] will provide the additional revenue so it will at least be a break-even operation. I know of no opposition." It is impossible to conceive of passage of an amendment to reduce the clerk's fees under these circumstances.

Plaintiff contends that the collection by the clerk of a fee for filing a motion to vacate a judgment is unlawful because the amended statute does not specifically authorize such a fee. Plaintiff bases this contention on the fact that the previous version of the statute authorized the collection of a fee for the filing of a "[p]etition or motion to vacate, alter or modify any judgment," (Ill. Rev. Stat. 1979, ch. 25, par. 27.2(7)). The current statute refers twice only to a "[p]etition for modification of a judgment" (Ill. Rev. Stat., 1982 Supp., ch. 25, pars. 27.2(7)(a), (b)).

■ The difficulty with this contention is that it is entirely contrary to accepted and established legal principles. As shown, it is abundantly clear from the face of these statutory enactments that the legislature intended simply to increase the funds generated from operation of the clerk's office. Also, there is definite and uncontradicted testimony leading to the same conclusion from persons closely connected to the drafting of the later statute. The record before us shows simply an obvious mistake in the wording of this statute.

■ In this regard, the supreme court has repeatedly described the function of this court in considering the meaning of legislation. In *People v. Beam* (1979), 74 Ill. 2d 240, 242-43, 384 N.E.2d 1315, the supreme court stated:

> "The primary function of the court in construing a statute is to give effect to the intention of the legislature. [Citations.] ***

Courts are not bound, however, by a literal reading of a statute if that reading was clearly not intended. [Citation]."

In the instant case, plaintiff contends "vacate" is different from "modification" so that under the 1981 statute the clerk could not charge a fee for the filing of a motion for vacation of a judgment either before or after 30 days after entry, but could only charge fees for the filing of a petition for modification of the judgment. Defendants contend "modification" includes "vacation" under the pertinent statute. In our opinion we need not consider these contentions. The supreme court has approved a direct and much simpler method of solving this problem.

In *People v. Garrison* (1980), 82 Ill. 2d 444, 412 N.E.2d 483, *appeal dismissed* (1981), 450 U.S. 961, 67 L. Ed. 2d 610, 101 S. Ct. 1475, the supreme court struck the word "excepted" from a statute and substituted the word "expected." The supreme court held (82 Ill. 2d 444, 455):

"The cardinal rule of statutory construction is to effectuate the intent of the legislature. [Citations.] When necessary to achieve that goal a court may alter, supply or modify words and correct obvious mistakes. [Citations]."

Other cases in Illinois have utilized this power of the court to prevent failure of a statute to perform its proper function. Among these cases see *Community Consolidated School District No. 210 v. Mini* (1973), 55 Ill. 2d 382, 386-87, 304 N.E.2d 75, *appeal dismissed* (1974), 416 U.S. 923, 40 L. Ed. 2d 279, 94 S. Ct. 1921; *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 128, 302 N.E.2d 64; *People ex rel. Barrett v. Anderson* (1947), 398 Ill. 480, 485-86, 76 N.E.2d 773; *Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 411 N.E.2d 528. In addition, there is testimony in the record that a therapeutic amendment to the statute has been offered to the legislature. This amendment will make the issue before us either *de minimis* or moot.

In accordance with the authorities above cited, it is ordered that the judgment appealed from, entered herein on June 16, 1983, shall be and is hereby modified by inserting in subparagraphs (7)(a) and (7)(b) of section 27.2 of the Clerks of Courts Act (Ill. Rev. Stat., 1982 Supp., ch. 25, par. 27.2), between the words "for" and "modification" the additional words "vacation or." As thus modified the judgment appealed from is affirmed.

Judgment modified and affirmed.

McGLOON and CAMPBELL, JJ., concur.