# Illinois Official Reports

## Appellate Court

---

**Gassman v. Clerk of the Circuit Court, 2017 IL App (1st) 151738**

---

| | |
|---|---|
| Appellate Court Caption | DAVID GASSMAN and A.N. ANYMOUS, Plaintiffs-Appellants, v. THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-15-1738 |
| Filed | January 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-12269; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Jonathan Novoselsky, P.C., of Chicago (Jonathan Novoselsky, of counsel), for appellants.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Donald J. Pechous, Sisavanh Baker, and Marie D. Spicuzza, Assistant State's Attorneys, of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Neville and Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiffs David Gassman and A.N. Anymous[1] bring this suit for *mandamus* and other relief against the Clerk of the Circuit Court of Cook County (Clerk), challenging the statutory validity of certain fees levied by the Clerk's office.

¶ 2     Section 27.2a(g)(2) of the Clerks of Courts Act (Act) imposes a fee for filing a petition to vacate or modify "any final judgment or order of court." 705 ILCS 105/27.2a(g)(2) (West 2012). Pursuant to this section, in separate underlying cases, plaintiffs were each charged a $90 fee for filing a petition to vacate a dismissal for want of prosecution. Plaintiffs paid under protest and then filed the present lawsuit, seeking *mandamus* relief and arguing that the fees were not authorized by the statute because a dismissal for want of prosecution is not a final order of court.

¶ 3     The Clerk sought dismissal under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)), arguing that the word "final" in section 27.2a(g)(2) applies only to judgments, not to orders of court. The trial court dismissed the action. Plaintiffs appeal, arguing that the Clerk's interpretation of the statute is incorrect. We agree with plaintiffs and reverse.

¶ 4                                   BACKGROUND

¶ 5     Section 27.2a of the Act prescribes court fees for counties with populations of 3 million or more, stating that all such fees "shall be as provided in this Section." 705 ILCS 105/27.2a (West 2012). The Act further provides that "[i]n those instances where a minimum and maximum fee is stated, the clerk of the circuit court must charge the minimum fee listed and may charge up to the maximum fee if the county board has by resolution increased the fee." *Id.* Subsection (g), regarding petitions to vacate or modify court orders, states:

> "(1) Petition to vacate or modify any final judgment or order of court, *** if filed before 30 days after the entry of the judgment or order, a minimum of $50 and a maximum of $60.
>
> (2) Petition to vacate or modify any final judgment or order of court, *** if filed later than 30 days after the entry of the judgment or order, a minimum of $75 and a maximum of $90." 705 ILCS 105/27.2a(g) (West 2012).

¶ 6     According to plaintiffs' amended complaint, Gassman was a plaintiff in a civil case that was dismissed for want of prosecution. Gassman filed a petition to vacate the dismissal order. On November 22, 2013, the court informed Gassman that the court could not vacate the dismissal orders unless he paid a fee of $90. Gassman paid under protest, arguing that the fee was improper because the dismissal at issue was neither a final judgment nor a final order under Illinois law. See *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489,

---

[1]Although this is presumably a fictitious name, there is no indication in the record that "A.N. Anymous" obtained leave of court to file a complaint under a fictitious name, as required by Illinois law. 735 ILCS 5/2-401(e) (West 2014) (parties may only appear under fictitious names "[u]pon application and for good cause shown"). Accordingly, on remand, we direct plaintiffs to file an amended complaint omitting any fictitious names. See *Santiago v. E.W. Bliss Co.*, 2012 IL 111792, ¶ 26 (where plaintiff filed complaint under fictitious name without leave of court, an amended complaint correcting his name would relate back to original filing).

506 (1998) (a dismissal for want of prosecution does not become final until the expiration of plaintiff's one-year absolute right to refile under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1992))).

¶ 7 Gassman brings this action "individually and on behalf of all others similarly situated," seeking relief in two counts. In count I, Gassman seeks a writ of *mandamus* compelling the Clerk to cease and desist her efforts to collect fees that are not authorized by the Act and also compelling her to return all fees previously collected for petitions to vacate dismissals for want of prosecution. In count II, Gassman seeks an accounting of all fees that the Clerk has collected for petitions to vacate dismissals for want of prosecution.

¶ 8 The Clerk moved to dismiss under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2012)). Under section 2-615, the Clerk argued that Gassman failed to state a cause of action for *mandamus* for two reasons. First, imposition of the $90 fee was correct, since section 27.2a(g) applies to any order of court, not only final orders of court, and second, section 27.2a(g) does not create a private right of action. Under section 2-619, the Clerk argued that imposition of fees is a discretionary act that is protected by both statutory and common law immunity. Finally, also under section 2-619, the Clerk argued that Gassman's suit was barred by *res judicata*, since Gassman's attorney, David Novoselsky, previously brought two unsuccessful lawsuits challenging the same fee: Schacht v. Brown, No. 2010 L 008024 (Cir. Ct. Cook Co.) and Shaheen v. Brown, No. 09 L 933 (Cir. Ct. Cook Co.). Although those cases had different plaintiffs, the Clerk asserted that Gassman was in privity with the Schacht v. Brown and Shaheen v. Brown plaintiffs based on the identity of the parties' counsel.

¶ 9 On May 7, 2015, the trial court granted the Clerk's motion to dismiss pursuant to section 2-615. The dismissal order did not explain the court's reasoning, nor did it address the Clerk's section 2-619 arguments.

¶ 10                                                    ANALYSIS

¶ 11 Gassman argues that the trial court erred in dismissing his suit because (i) section 27.2a(g) of the Act does not authorize fees for petitions to vacate nonfinal orders, and (ii) the court did not need to infer a private right of action to file suit to enforce the provisions of the Act. The Clerk disputes both points and additionally argues that that Gassman's suit is barred by statutory tort immunity, common law tort immunity, and *res judicata*.

¶ 12 The standards applicable to the Clerk's motion attacking the sufficiency of Gassman's pleading are well-settled. A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint and presents the question of whether the complaint states a cause of action upon which relief can be granted. 735 ILCS 5/2-615 (West 2014); *Weiss v. Waterhouse Securities, Inc.*, 335 Ill. App. 3d 875, 882 (2002). When ruling on a section 2-615 motion, the pleadings are construed in the light most favorable to the nonmoving party, and all well-pled facts and reasonable inferences drawn from the complaint are taken as true. *Weiss*, 335 Ill. App. 3d at 882.

¶ 13 The trial court found that Gassman failed to state a claim for *mandamus*. A writ of *mandamus* is a judicial order used to compel a public official to perform a nondiscretionary, ministerial duty. *People ex rel. Senko v. Meersman*, 2012 IL 114163, ¶ 9; see *Dennis E. v. O'Malley*, 256 Ill. App. 3d 334, 346 (1993) (*mandamus* can be used to compel clerk of the court to comply with statutory duties). *Mandamus* is appropriate if plaintiff demonstrates that

- 3 -

(1) he or she has a clear and affirmative right to relief, (2) the public official has a clear duty to act, and (3) the public official has clear authority to comply with the writ. *Senko*, 2012 IL 114163, ¶ 9; *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999).

¶ 14   We first consider the correct interpretation of section 27.2a(g) of the Act: specifically, whether its provisions apply to a "final judgment or [final] order of court," as Gassman urges, or a "final judgment or [any] order of court," as the Clerk urges. For purposes of this appeal, the Clerk does not contest Gassman's assertion that a dismissal for want of prosecution is not a final order of court.

¶ 15   Proper construction of a statute is a question of law that we review *de novo*. *Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 106 (2005). The fundamental rule of statutory interpretation is to ascertain and effectuate the intent of the legislature. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 473 (2005). The best indication of that intent is the language of the statute itself, which must be given its plain and ordinary meaning. *Stroger v. Regional Transportation Authority*, 201 Ill. 2d 508, 524 (2002). Additionally, we should generally avoid interpretations that would render any word or phrase superfluous. *Andrews*, 217 Ill. 2d at 109.

¶ 16   Here, the Clerk's interpretation renders the phrase "final judgment" superfluous. A judgment is an order of court. Thus, if section 27.2a(g) authorizes a fee for a petition to modify or vacate *any* order of court regardless of its finality, then the earlier mention of final judgments is redundant—which the legislature presumably did not intend. Thus, the plain language of the statute supports Gassman's interpretation of the statute.

¶ 17   This interpretation is reinforced by the Act's provision specifying one range of fees for motions to vacate filed within 30 days and a higher range of fees for motions filed beyond 30 days. The Act's specification of different fees depending on whether the time to appeal has expired, *i.e.*, before or after 30 days, is a strong indication that its provisions were intended to apply only to final orders. If the fee is payable for motions to vacate nonfinal orders, as the Clerk contends, the differing fees for motions filed before or after the 30-day period makes no sense.

¶ 18   Although the statute is clear and unambiguous and we therefore have no need to resort to anything beyond its language, we note that the interpretation we adopt is consistent with its history. Prior to 1990, the operative statute did not contain any reference to finality. In 1990, an amendment inserted the word "final" before "judgment or order of court." Pub. Act 86-1386 (eff. Sept. 10, 1990) (amending Ill. Rev. Stat. 1989, ch. 25, ¶ 27.2, now codified at 705 ILCS 105/27.2). Obviously the legislature thought it was effecting some change by adding that limitation. But the Clerk's interpretation of the statute would render the amendment entirely meaningless by allowing the collection of fees for a petition to vacate or modify any order whatsoever. Accordingly, we reject the Clerk's interpretation and hold that the word "final" modifies both "judgments" and "orders of court."

¶ 19   The Clerk's citation to *McCarthy v. Finley*, 122 Ill. App. 3d 401 (1984), is inapposite because *McCarthy* interprets the 1981 version of the statute, which, as noted, contained different wording. That version of the statute applied to any "judgment, decree or order of Court," without any mention of finality, and it explicitly included dismissals for want of prosecution. Ill. Rev. Stat., 1982 Supp., ch. 25, ¶ 27.2(7). Contrary to the Clerk's arguments, *McCarthy* does not stand for the proposition that all amendments to the Act in perpetuity must be interpreted in a fashion that would maximize the revenue of the Clerk's office.

¶ 20    The Clerk additionally argues that her interpretation is supported by the doctrine of the last antecedent, a canon of statutory construction providing that "relative or qualifying words, phrases, or clauses are applied to the words or phrases *immediately preceding them* and are not construed as extending to or including other words, phrases, or clauses more remote." (Emphasis added.) *In re E.B.*, 231 Ill. 2d 459, 467 (2008). This canon is inapplicable to the statutory language at issue in this case, since the canon refers solely to "referential and qualifying phrase[s]" that are *preceded* by multiple clauses (*Advincula v. United Blood Services*, 176 Ill. 2d 1, 26-27 (1996)), whereas in this case, the word "final" comes before the phrase "judgment or order of court."

¶ 21    Finally, the Clerk contends that Gassman's interpretation of the statute would create practical difficulties for the Clerk's office in multiple ways. First, she argues that litigants could attempt to circumvent fees by labeling their documents "petition to reconsider" instead of "petition to vacate" or "petition to modify." But this problem is independent of the issue at hand; crafty litigators can rename their documents regardless of whether the statute applies only to final orders.

¶ 22    Second, the Clerk argues that it can be difficult for a clerk at the counter to determine the finality of an order or judgment before imposing the fee. To the extent that this is true, the Clerk's complaint is not properly directed at this court but to the legislature that decided in 1990 to limit section 27.2a(g) to final orders. Moreover, the Clerk's office has devised a coding system for orders entered on its electronic docket, which indicates whether the order is final and disposes of the case. A Clerk's office employee determining whether to charge a fee under section 27.2a(g) can properly rely on the code when the order was entered into the Clerk's docket. In any case, in the event it is discovered that a fee was improperly levied, the Clerk can refund that fee, as it has done in the past.

¶ 23    Accordingly, for all of the foregoing reasons, we find that Gassman's interpretation of the statute is correct, and section 2-615 dismissal of his complaint was not warranted on grounds that he failed to allege facts demonstrating a clear and affirmative right to relief. See *Lewis*, 186 Ill. 2d at 230.

¶ 24    The Clerk additionally argues that Gassman failed to state a cause of action because section 27.2a(g) of the Act does not provide a private right of action. We find that it was not necessary for the trial court to infer a private right of action, since Gassman is not seeking tort-like relief; rather, his suit for *mandamus* is the proper vehicle for his claim.

¶ 25    When a plaintiff seeks to use a statutory enactment as a predicate for a tort action seeking damages, he must demonstrate that a private right of action is either expressly granted or implied in the statute. *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 129-31 (1997). But in this case, Gassman is not attempting to impose tort liability on the Clerk's office. Rather, he seeks to compel the public officials responsible for implementing section 27.2a(g) to comply with its plain language. Thus, Gassman is entitled to pursue a *mandamus* action to compel the officials' compliance with the law, and no private right of action is necessary. *Id.* at 132; see also *Dennis*, 256 Ill. App. 3d at 346 (*mandamus* can be used to compel the clerk of the court to comply with her statutory duties).

¶ 26    The facts of *Noyola* are instructive. The *Noyola* plaintiffs brought suit against the board of education of the city of Chicago, alleging that the board was not allocating state funds in accordance with the requirements of the School Code. *Noyola*, 179 Ill. 2d at 124. The trial court dismissed their complaint, finding that a private right of action could not be implied

- 5 -

under the School Code. On appeal, our supreme court held that the trial court's analysis was inapposite, explaining: "Where, as alleged here, public officials have failed or refused to comply with requirements imposed by statute, the courts may compel them to do so by means of a writ of *mandamus*, provided that the requirements for that writ have been satisfied." *Id.* at 132. Thus, plaintiffs were entitled to proceed with their suit by means of *mandamus*. *Id.* at 135; see also *Lewis*, 186 Ill. 2d at 228-29. Likewise, in the case at hand, plaintiffs are entitled to pursue a *mandamus* action against the Clerk to compel her to comply with the fee provisions in section 27.2a(g) of the Act.

¶ 27     As an affirmative defense under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)), the Clerk argues that she is shielded from liability by both statutory and common law tort immunity. But the Local Governmental and Governmental Employees Tort Immunity Act does not affect "the right to obtain relief other than damages" from public officials. 745 ILCS 10/2-101 (West 2014). Here, Gassman does not seek damages; he merely seeks a refund of certain fees that were improperly collected under section 27(a)(g) of the Act. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 256-58 (2004) (Tort Immunity Act did not apply where plaintiffs sought a declaration that an ordinance was unlawful and a refund of fees collected pursuant to the ordinance; plaintiffs' requested relief of a refund was properly characterized as restitution rather than damages). Accordingly, statutory tort immunity does not apply. Moreover, as discussed, because Gassman's action does not sound in tort but is a *mandamus* action to compel compliance with a statute, common law tort immunity does not apply either.

¶ 28     In any case, imposition of fees in accordance with the Act is clearly ministerial rather than discretionary and is therefore not protected by either statutory or common law tort immunity. *Board of Trustees of Community College, District No. 508 v. Coopers & Lybrand LLP*, 296 Ill. App. 3d 538, 544 (1998) (acts are ministerial when they amount merely to the performance of a task in accordance with an order). The Clerk has no discretion to determine (i) whether to collect a fee or (ii) the amount of the fee. Through the Act, the legislature has directed that fees be collected, and where a range of fees is specified, the Clerk must collect either the minimum fee or a higher fee (up to the maximum) authorized by a resolution of the county board.

¶ 29     The Clerk's final argument is that Gassman's suit is barred by *res judicata*, since Gassman's attorney previously brought two unsuccessful lawsuits challenging the same fee: Schacht v. Brown, No. 2010 L 008024 (Cir. Ct. Cook Co.), and Shaheen v. Brown, No. 09 L 933 (Cir. Ct. Cook Co.). Although Schacht v. Brown and Shaheen v. Brown actions had different plaintiffs than the present case, the Clerk asserts that Gassman is in privity with the Schacht v. Brown and Shaheen v. Brown plaintiffs because they were all represented by the same counsel and, therefore, Gassman is bound by the decisions in those cases.

¶ 30     A brief discussion of these two cases is in order. The underlying suit in the Schacht v. Brown action was a civil action in which the plaintiff, Mark Schacht, filed a motion to vacate a judicial assignment order. He was charged $60 under section 27.2(g) of the Act.[2] Schacht objected, stating that a judicial assignment order was not a final order of court, but he paid the fee under protest. He then filed a new suit (Schacht v. Brown, No. 2010 L 008024 (Cir. Ct.

---

[2]Section 27.2 of the Act governs court fees for counties with populations between 500,000 and 3,000,000, but it contains the same relevant wording as section 27.2(a). 705 ILCS 105/27.2(g) (West 2010).

Cook Co.)) against the Clerk, sounding in conversion. After he filed the second suit, the Clerk refunded to him the $60 fee imposed in the first case and the $564 filing fee for the second case. Accordingly, the trial court dismissed the case as moot, and this court affirmed the mootness finding on appeal. *Schacht v. Brown*, 2014 IL App (1st) 131136-U, ¶¶ 7, 17.

¶ 31 The issue in Shaheen v. Brown, No. 09 L 933 (Cir. Ct. Cook Co.), was whether section 27.2a(g) of the Act authorized the Clerk to charge a $90 fee for a motion to reconsider a nonfinal order of court. The Shaheen v. Brown plaintiff (the law firm of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.) brought suit against the Clerk, seeking (i) a declaratory judgment stating that section 27.2a(g) was unconstitutional on its face and as applied by the Clerk and (ii) repayment by the Clerk of all fees paid under section 27.2a(g). The trial court dismissed the case under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2008)) for reasons not stated in the dismissal order, and the Shaheen v. Brown plaintiff did not appeal.

¶ 32 The Clerk now argues that these two decisions bar the instant action. Under the doctrine of *res judicata*, "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Thus, three elements must be satisfied before *res judicata* can apply: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) the cause of action is the same; and (3) the parties are either the same or in privity with the prior parties. Neither case cited by the Clerk satisfies these elements.

¶ 33 The Schacht v. Brown action does not satisfy the first element because it was decided on grounds of mootness. A mootness finding is not a judgment on the merits and will not support a finding of *res judicata* in a future case. *Johnson v. Du Page Airport Authority*, 268 Ill. App. 3d 409, 419 (1994) (citing *La Salle National Bank v. City of Chicago*, 3 Ill. 2d 375, 382 (1954)).

¶ 34 As for the Shaheen v. Brown action, it is unclear whether there was a judgment on the merits in that case. As noted, the court's grounds for dismissal are not stated in the record. One of the grounds for dismissal urged by the Clerk in her motion to dismiss was that the Shaheen v. Brown plaintiff lacked standing to bring suit, since it was the law firm representing the client who paid the fee at issue, rather than the client himself. If the trial court dismissed the Shaheen v. Brown plaintiff on that basis, it would not constitute a judgment on the merits with respect to Gassman. See *People ex rel. Scott v. Chicago Park District*, 66 Ill. 2d 65, 70 (1976) (dismissal based on lack of standing is not an adjudication on the merits for *res judicata* purposes).[3]

---

[3]A federal bankruptcy court has questioned the continued vitality of *Scott* in light of Illinois Supreme Court Rule 273, which provides that "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. S. Ct. R. 273; see *Land-O-Sun Dairies, L.L.C. v. Heartland Food & Dairy Distributors, Inc.* (*In re Heartland Food & Dairy Distributors, Inc.*), 253 B.R. 32, 37 n.8 (Bankr. S.D. Ill. 2000) (noting that the dismissal at issue in *Scott* occurred before the effective date of Rule 273). But our supreme court has held that "where separate defendants are involved, *** only those types of involuntary dismissals that serve the policy behind Supreme Court Rule 273 should be treated as adjudications on the merits." *Leow v. A&B Freight Line, Inc.*, 175 Ill. 2d 176, 186 (1997) (where a defendant was dismissed on statute of limitations grounds, that dismissal did not have preclusive effect as to the other defendant). Under the reasoning of *Leow*, we find that,

¶ 35        Moreover, nothing in the record supports a factual determination that Gassman is in privity with the Shaheen v. Brown plaintiff for purposes of *res judicata*. Privity exists between parties who adequately represent the same legal interests. *Yorulmazoglu v. Lake Forest Hospital*, 359 Ill. App. 3d 554, 559 (2005). Identity of interest, not nominal identity, is the determining factor. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992). It is not sufficient for a finding of privity that plaintiffs' attorney is the same attorney who represented the Shaheen v. Brown plaintiff. *Yorulmazoglu*, 359 Ill. App. 3d at 561-62 (collecting cases). Additionally, if the Shaheen v. Brown action was dismissed on standing grounds, it would conclusively demonstrate a lack of privity between the Shaheen v. Brown plaintiff and Gassman. *Mount Mansfield Insurance Group, Inc. v. American International Group, Inc.*, 372 Ill. App. 3d 388, 394 (2007) ("where a party has no standing to bring a cause of action on behalf of another party, *** it also must be said to lack privity with the other party because it cannot adequately represent the other party's legal interests").

¶ 36        The burden of showing that *res judicata* applies is on the party who invokes the doctrine. *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41. Since the Clerk has not met this burden, we do not find that *res judicata* bars Gassman's suit.

¶ 37                                    CONCLUSION

¶ 38        Gassman has stated a cause of action for *mandamus*, since (1) section 27.2a(g) of the Act does not authorize the Clerk to charge fees for petitions to vacate or modify nonfinal orders and (2) Gassman is entitled to pursue a *mandamus* action against the Clerk to compel her to comply with that statutory provision. Accordingly, we reverse the trial court's section 2-615 dismissal of Gassman's suit.

¶ 39        On remand, we direct plaintiffs to file an amended complaint omitting any fictitious names. We express no opinion on any issues not directly addressed herein, such as whether this case meets the requirements for class certification or the availability of restitutionary relief against the Clerk in circuit court.

¶ 40        Reversed and remanded with directions.

---

regardless of whether a dismissal on grounds of standing would bar a subsequent lawsuit by the same plaintiff, it does not operate as a judgment on the merits as to a different plaintiff.