# Illinois Official Reports

## Appellate Court

---

### *Dean v. Smith*, **2017 IL App (1st) 170404**

---

| | |
|---|---|
| Appellate Court Caption | DEYON L. DEAN, Petitioner-Appellant, v. BRADLEY SMITH; KAREN HOLCOMB; JEROME RUSSELL, Individually and as Members of the Municipal Officers Electoral Board for the Village of Riverdale; THE MUNICIPAL OFFICERS ELECTORAL BOARD FOR THE VILLAGE OF RIVERDALE, KAREN HOLCOMB, as Riverdale Village Clerk; DAVID ORR, in His Official Capacity as Cook County Clerk; JAISYN L. PASSMORE, and A.J. CUNNINGHAM, Respondents-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-17-0404 |
| Filed<br>Rehearing denied | May 10, 2017<br>July 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-COEL-00014; the Hon. Paul A. Karkula, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Andrew Finko, of Chicago, for appellant.<br><br>Matthew M. Welch and P. Joseph Montana, of Montana & Welch, LLC, of Palos Heights, for appellee Municipal Officers Electoral Board for the Village of Riverdale.<br><br>James P. Nally, of James P. Nally PC, of Chicago, for other appellees. |

JUSTICE COBBS delivered the judgment of the court, with opinion.
Justices Howse and Rochford concurred in the judgment and opinion.


**OPINION**

¶ 1         Petitioner Deyon L. Dean, a candidate for Riverdale village president in the April 4, 2017, election, appeals from an order of the circuit court, confirming a decision of the Municipal Officers Electoral Board of the Village of Riverdale (Board), which sustained objections to his nomination papers filed by Jaisyn L. Passmore and A.J. Cunningham. Dean contends that the Board erroneously concluded that section 10-3 of the Election Code (Code) (10 ILCS 5/10-3 (West 2014)), in conjunction with section 10-4 of the Code (10 ILCS 5/10-4 (West 2014)), requires an independent candidate to indicate his or her independent status on nominating petitions. In light of the impending election date, we issued an order on March 30, 2017, reversing the circuit court, directing that Dean's name be included on the ballot, and indicating that an opinion would follow. For the following reasons, we reversed the judgment of the circuit court.

¶ 2                                  I. BACKGROUND

¶ 3         Dean filed a statement of candidacy in December 2016 indicating his intent to run as an independent candidate for village president of the Village of Riverdale in the April 4, 2017, election. He circulated nominating papers to collect the required signatures and timely filed them with the Board. Each page of the nominating papers included a header indicating that it was a "Candidate Petition" for "Village President (Mayor)" of Riverdale. The header also included Dean's name, address, and a repetition of the office sought. The filed papers bore over 500 signatures.[1]

¶ 4         Subsequently, Passmore and Cunningham (hereinafter the objectors) filed a petition with the Board pursuant to section 10-8 of the Code (10 ILCS 5/10-8 (West 2014)), objecting to Dean's nominating papers. The petition set forth various challenges to the validity of the signatures collected by Dean and also argued that the nominating papers "failed to disclose the capacity" in which he was running for office because it did not indicate whether he was running as an independent, member of an established party, or member of a new party. The objectors asserted that Dean's failure to identify his party status caused impermissible confusion for the papers' signers. Dean filed a motion to strike their argument regarding his party status. In response, the objectors filed affidavits of 13 signatories. Each affidavit is a form with a blank for the affiant's name and avers that the signer would not have signed the nominating papers if he or she had been aware that Dean was an independent candidate.

¶ 5         The Board held a hearing on Dean's motion to dismiss on January 10, 2017. At the hearing, Dean and the objectors agreed that he had provided at least 70 valid signatures. Consequently,

---

[1]Although there appears to be some argument between the parties regarding Dean's citation to a summary of the nominating papers contained in the appendix to his appellate brief, we note that the nominating papers are included in the record on appeal and thus the number of signatures is readily evident from the record alone.

the objectors withdrew their objections regarding the sufficiency of the signatures. The Board then heard arguments on the remaining objection regarding Dean's failure to identify himself as an independent.

¶ 6    On January 14, 2017, the Board issued a written decision denying Dean's motion to dismiss, sustaining the objections, and directing that Dean's name not be included on the ballot. Because Dean had not indicated that he was an independent candidate on the nominating papers, the Board determined that he invalidly sought a nomination "as a 'candidate' generally, which is not contemplated under the Election Code." In making this determination, the Board relied on section 10-3 of the Code (10 ILCS 5/10-3 (West 2014)), which governs the nomination of independent candidates; section 10-4 (10 ILCS 5/10-4 (West 2014)), which requires the heading of nominating papers to include, *inter alia*, a candidate's party and "such other information or wording as required"; and section 16-3 (10 ILCS 5/16-3 (West 2014)), which requires that an electoral ballot list all independent candidates under a heading marked "Independent." Further, the Board found that Dean could not have substantially complied with the requirements for nominating papers because he had caused impermissible voter confusion as evidenced by the 13 affidavits submitted by the objectors.

¶ 7    Dean filed a petition for judicial review in the circuit court of Cook County on January 19, 2017. The trial court denied the petition on February 15, 2017.

¶ 8    Dean filed his notice of appeal on February 21, 2017. Given the imminent April 4 election, this court granted his subsequent motion to accelerate the docket. Dean filed his appellate memorandum in lieu of a brief on February 24, 2017, and appellees filed responding memoranda on February 28, 2017.

¶ 9    Appellees also filed a motion to dismiss Dean's appeal for lack of subject matter jurisdiction due to insufficient service. A panel of this court granted that motion and dismissed the appeal on March 7, 2017. On March 24, 2017, our supreme court issued a supervisory order, directing this court to vacate the March 7 dismissal and address Dean's appeal on its merits.

¶ 10                                    II. ANALYSIS
¶ 11                            A. Motion Taken With the Case
¶ 12    In his appellate memorandum, Dean's prayer for relief solely asked that the Board's decision be vacated and that his name be printed on the ballot as an independent candidate for the April 4, 2017, election. Following the supreme court's supervisory order, Dean filed several motions, including, *inter alia*, a motion to amend his memorandum. The motion sought to amend Dean's prayer for relief to include the request that any ballots that did not include his name—including already-received early voting and absentee ballots—should be deemed void. He also sought to add a request to otherwise declare the April 4 election void and establish a special election. We took the motion with the case.

¶ 13    The right to both cast a vote and to have that vote given its full effect is a fundamental right that must be vigilantly protected by the courts. *Tully v. Edgar*, 171 Ill. 2d 297, 307-08 (1996). Thus, a request to nullify the votes of valid voters is not undertaken lightly and is best served by full, reasoned briefing on the issue by all parties. Dean's proposed amendment provided neither legal argument nor legal citation to support his requests to disregard absentee and early voting ballots or to hold a special election. Furthermore, appellees had no opportunity to craft

their own arguments in response to Dean's newly requested remedies. Parties before a reviewing court must present clearly defined issues supported by pertinent authority and cohesive arguments. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993) (The appellate court "is not a repository into which an appellant may foist the burden of argument and research."). The proposed amendment lacks the legal support and developed arguments necessary for this court to adequately consider the potential disenfranchisement of early and absentee voters.

¶ 14 Moreover, although Dean asserts in his motion that he used all due diligence and did not anticipate that we would render our decision so close in time to the election itself, we note that he filed his memorandum 39 days before the April 4, 2017, election. It was foreseeable, given this short time frame, that the treatment of absentee and early voting ballots would be significant, even with an accelerated docket. In light of the gravity of the fundamental rights involved, we declined to allow defendant to interject new, undeveloped issues into consideration at this late stage of proceedings. His motion to amend his memorandum was therefore denied, and we address only the issues raised in his original memorandum.

¶ 15 B. Standard of Review

¶ 16 The parties disagree on the proper standard of review. Dean argues that *de novo* review is appropriate and appellees respond that the deferential "clearly erroneous" standard is proper. It is well-accepted that "[a]n electoral board [is viewed] as an administrative agency." *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 209 (2008). We review the underlying decision of an electoral board, not the decision of the circuit court. *Cunningham v. Schaeflein*, 2012 IL App (1st) 120529, ¶ 19, 969 N.E.2d 861, 868.

¶ 17 In reviewing an administrative agency's findings, the standard of review is defined by the types of questions addressed by the agency's decision. *Cinkus*, 228 Ill. 2d at 210. An administrative agency's findings on questions of fact are subject to review under the manifest weight of the evidence standard. See *id.* An agency's decisions on matters of law are reviewed *de novo*. *Id.* at 211. An agency's application of undisputed law to established facts presents a mixed question of fact and law that is reviewed under the "clearly erroneous" standard. *Id.*

¶ 18 Despite appellees' contention that the issue at hand is a mixed question of law and fact, the underlying question before us concerns the Board's interpretation of the Code. Statutory interpretation is a legal question, and thus our review is *de novo*. See *Gassman v. Clerk of the Circuit Court*, 2017 IL App (1st) 151738, ¶ 15.

¶ 19 C. The Nominating Papers

¶ 20 Dean contends that the Board erroneously construed section 10-4 of the Code to require an independent candidate to indicate his or her independent status in the header at the top of the nominating papers. He initially argues that his nominating papers met the requirements set forth by the plain language of the section. He argues alternatively that any errors on his nominating papers are not fatal because he substantially complied with the relevant statutes.

¶ 21 The Board responds that Dean's nominating papers were insufficient because section 10-4, in conjunction with section 10-3 of the Code, requires an independent to indicate that he or she is running as an independent candidate. It argues that Dean's failure to do so compels the conclusion that he impermissibly sought nomination as a candidate generally and that such a candidacy is not recognized under the Code. The Board additionally argues that Dean did not

substantially comply because his nomination caused voter confusion, as demonstrated by the 13 nominators' affidavits. The objectors filed a separate appellate memorandum, raising arguments substantially similar to the Board's.

¶ 22 The driving purpose of statutory interpretation is "to ascertain and effectuate the intent of the legislature." *Id.* The legislature's intent is best derived from the statute's language, "which must be given its plain and ordinary meaning." *Id.* Where that language is clear and unambiguous, a court may not depart from it "by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent." *Beggs v. Board of Education of Murphysboro Community Unit School District No. 186*, 2016 IL 120236, ¶ 52.

¶ 23 Section 10-3 of the Code expressly provides that "[n]ominations of independent candidates for public office within any district or political subdivision less than the State, may be made by nomination papers signed" by a certain number of qualified voters within that subdivision. 10 ILCS 5/10-3 (West 2014). A parenthetical in that same section defines independent candidates as "not candidates of any political party." *Id.* Section 10-4 delineates the requirements regulating a candidate's nominating papers, irrespective of whether the candidate is party-affiliated or running as an independent. See 10 ILCS 5/10-4 (West 2014). Among other requirements, the section mandates:

> "All petitions for nomination under this Article 10 for candidates for public office in this State, shall in addition to other requirements provided by law, be as follows: Such petitions shall consist of sheets of uniform size and each sheet shall contain, above the space for signature, an appropriate heading, giving the information as to name of candidate or candidates in whose behalf such petition is signed; the office; the party; place of residence; and such other information or wording as required to make same valid, and the heading of each sheet shall be the same." *Id.*

Neither section explicitly requires that the nominating papers of an independent candidate state the candidate's independent status. See 10 ILCS 5/10-3, 10-4 (West 2014).

¶ 24 Appellees argue that sections 10-3 and 10-4, when viewed together, implicitly require the nominating papers to indicate that a candidate is running as an independent. They assert that nominating papers, such as Dean's, which fail to indicate a candidate's independent status, nominate the individual as a generic candidate, rather than specifically as an independent candidate. They further posit that the resulting generic nomination would impermissibly render the use of the word "independent" in section 10-3 superfluous. We find this argument unpersuasive. It is clear from the context of section 10-3 that its specification of "independent" candidates does not concern the information required on the candidate's nomination papers, which the section does not reference, but rather the number of signatures required for nomination for office. See 10 ILCS 5/10-3 (West 2014); see *cf.* 10 ILCS 5/7-10(e) (West 2014) (setting forth the number of signatures required for a party candidate's petition for nomination to a municipal office).

¶ 25 Appellees also rely on the reference in section 10-4 to "other requirements provided by law" and its mandate that the petitions contain "such other information or wording as required to make same valid" to support the Board's interpretation. See 10 ILCS 5/10-4 (West 2014). Although these phrases do indicate that there may be other requirements for nominating petitions in some instances, nothing in the section indicates that these unlisted requirements have anything to do with independent candidacies. Appellees have not cited, and our own

research has not revealed, any other statute or precedent that requires an independent candidate to include that status on a petition to nominate. The mere existence of a residual clause in a statute does not permit an administrative body or reviewing court to invent entirely new exceptions or requirements. See *Cement Masons Pension Fund, Local 803 v. William A. Randolph*, *Inc.*, 358 Ill. App. 3d 638, 645 (2005) (courts "may not, under the guise of statutory interpretation, supply omissions, remedy defects, annex new provisions, substitute different provisions, exceptions, limitations or conditions, or otherwise change the law").

¶ 26    Moreover, section 10-4 requires that a candidate include his or her party, not his or her candidate status, in the header section of nominating papers. 10 ILCS 5/10-4 (West 2014). Although not relevant to our disposition, we note language within that same section that prohibits individuals from circulating "petitions for candidates of more than one political party, or for an independent candidate or candidates in addition to one political party." The point is that, throughout the Code, the legislature has made clear distinctions between the various candidate types. Thus, we decline to believe that the legislature, having first defined independent candidates as those who are "not candidates of any party" (see 10 ILCS 5/10-3 (West 2014)), and then, having required that an individual list his or her "party" on nominating papers (see 10 ILCS 5/10-4 (West 2014)), would not have been as explicit in directing an independent candidate to include on his or her nominating papers their candidate status.

¶ 27    The Board also argues that section 16-3 of the Code (10 ILCS 5/16-3 (West 2014)) supports its interpretation of sections 10-3 and 10-4. Section 16-3 sets forth the requirements for the printing of ballots in elections and requires that independent candidates be listed on the ballot in a column under a heading marked "independent." *Id.* This section offers no support for the Board's arguments. Section 16-3 makes no mention of nominating papers or their requirements. Moreover, the section actually undercuts the Board's interpretation. In section 16-3, the legislature clearly and explicitly indicated that an independent candidate should be identified as independent on a ballot. Had the legislature intended for an independent candidate to be similarly identified on his or her nominating papers, it would have made such a requirement clear and explicit. Because neither section 10-3 nor section 10-4 contains such an explicit requirement, we must conclude that the legislature did not intend to create one.

¶ 28    We hold that the Board erroneously determined that Dean was required to indicate his independent status on his nominating petitions. Neither section 10-3 nor section 10-4 contains such a requirement. As appellees have identified no other alleged deficiencies in Dean's nominating papers, we find that the Board erroneously struck his name from the ballot. Having found Dean fully complied with sections 10-3 and 10-4, we need not address the parties' arguments regarding substantial compliance.

¶ 29                                    III. CONCLUSION

¶ 30    For the foregoing reasons, we hold that sections 10-3 and 10-4 of the Code do not require an independent candidate to indicate his or her independent status on the nominating petitions. Thus, the Board erroneously struck Dean's name from the ballot for the April 4, 2017, election for the Village of Riverdale village president. Accordingly, the judgment of the circuit court of Cook County affirming the Electoral Board for the Village of Riverdale was reversed.

¶ 31            Reversed.